UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,             CRIMINAL NO. 10-20123

        Plaintiff,                        HONORABLE VICTORIA A. ROBERTS

vs.

D-1   DAVID BRIAN STONE,
D-2   DAVID BRIAN STONE, Jr.,
D-3   JOSHUA MATTHEW STONE,
D-4   TINA MAE STONE,
D-5   JOSHUA JOHN CLOUGH,
D-6   MICHAEL DAVID MEEKS,
D-7   THOMAS WILLIAM PIATEK,
D-8   KRISTOPHER T. SICKLES, and
D-9   JACOB J. WARD,

        Defendants.
_____/

SUPPLEMENTAL BRIEF OF THE UNITED STATES IN SUPPORT
OF EXTENSION OF STAY PENDING APPEAL

INTRODUCTION

In its order of May 3, 2010, granting a limited stay of its Order Granting Defendants' Motions for Revocation of Detention Orders (R. 140), the Court ordered the government to address the following four factors in order to "decide whether to extend, or dissolve the stay." (*Id.* at 2.) The government has received authorization from the Solicitor General to appeal the Court's order revoking the defendants' detention orders (R. 137), and has filed its notice of appeal with the Sixth Circuit. (R. 143; Sixth Cir. Case No. 10-1618). We hereby submit the instant Supplemental Brief in support of our motion to extend the stay of defendants' release until the government's appeal of that decision is decided.

As this Court recognized in its Order granting the government a limited stay, the four factors

-1-

for consideration are:

    (1)    the likelihood of the Government's success on appeal;

    (2)    whether the Government would be irreparably injured if the stay is denied;

    (3)    whether a stay would substantially harm the Defendants; and

    (4)    the public interest.

R. 140: Order at 2.  *See also Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119 (1987) (Under Fed. R. App. P. 8(a), standard for granting a stay is "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."); *Michigan Coalition v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (same).[1]  "These factors are not prerequisites that must be met, but are interrelated factors that must be balanced together." *Griepentrog*, 945 F.2d at 153, citing *In re Delorean Motor Co.*, 755 F.2d 1223 (6th Cir. 1985).

## ARGUMENT

**BALANCING THESE FACTORS, THE COURT SHOULD EXTEND THE STAY PENDING APPEAL.**

    1.    Likelihood of the Government's Success on Appeal

The first factor to consider is the likelihood that the government will prevail on appeal.  "To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits." *Griepentrog*, 945 F.2d at 153 (citations omitted).  "The probability of

---

[1] Of course, in the context of a bail appeal, the questions of harm to the moving party (the government) and the public interest in granting the stay – the second and fourth factors – largely overlap.

success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay.  Simply stated, more of one excuses less of the other." *Id*. (citations omitted).  Nonetheless, the party seeking a stay "is always required to show more than the mere 'possibility' of success on the merits.  For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" *Id*. at 153-154 (citations omitted).

Magistrate Judge Scheer, after two days of proceedings, found that no condition or combination of conditions was sufficient to permit release as to eight of the defendants; Magistrate Judge Paul Cherry in the Northern District of Indiana similarly concluded after a hearing that Defendant Piatek should not be released.  This Court found, after two days of proceedings, that the defendants were eligible for release, but only after imposition of a significant number of conditions.[2]  Thus, it appears that this case presents at most a close question for pretrial release.  Two judicial officers found no set of combinations which would justify release.

This Court did not conclude that the defendants were not, in fact, dangerous; rather, it released the defendants only upon the imposition of extra supervision and substantial restrictions on their liberty and their access to firearms.  Moreover, this Court did not appear to fully consider the evidence corroborating that the defendants were not merely engaging in hate-filled speech, but had taken and were taking actions in accordance with it, for example: acquiring large stockpiles of firearms and ammunition; seeking to acquire explosive devices; planning to conduct training in

---

[2]We believe that many of the conditions imposed are either contradictory or present practical difficulties in their application, rendering them ineffective at reasonably assuring public safety. Those questions will be the subject of a separately-filed motion.

which a member of the public would be put on the ground at gun-point, and if non-compliant, would be shot; and seeking to obtain explosive devices – including by providing a schematic and photograph, as well as some of the component parts, of the desired devices to the undercover agent, who they believed would be able to produce those items for them. (March 31, 2010, Det. Hrg. Tr. at 32 & 44-46).

For these reasons, we submit that we have met the standard for showing likelihood of success on the merits.

2.      Whether the Government Would Be Irreparably Injured If the Stay Is Denied

The second factor requires the Court to consider if the government would be irreparably injured if the stay is denied. We submit that the government – i.e., the people – would be so harmed if our request for an extension of the present stay is denied because, if the defendants were to flee or to cause even a fraction of the harm they have repeatedly and fervently spoken of and planned for, no ruling by the Sixth Circuit could undo that damage.

3.      Whether a Stay Would Substantially Harm the Defendants

If the defendants' detention is in fact not legally justified, and if such detention is nevertheless maintained during the pendency of an appeal, there is no question that the defendants would be harmed. *See, e.g., Hilton v. Braunskill*, 481 U.S. 770 at 777-778 (interest of successful habeas petitioner in release pending appeal is "always substantial"). However, as the Supreme Court has recognized, "the Government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest." *Salerno v. United States*, 481 U.S. 739, 748, 107 S.Ct. 2095 (1987) (upholding the constitutionality of the Bail Reform Act). In enacting the Bail Reform Act, Congress balanced the interests involved, and determined that in a case such as this

it should be presumed that the defendants are not entitled to pretrial release. *See* 18 U.S.C. §§ 3142(e)(3)(B) and 3142(e)(3)(B).[3]

The Sixth Circuit is statutorily bound to determine this appeal promptly. *See* 18 U.S.C. § 3145(c). Thus, while this factor does indeed carry some weight for the defendants, we submit that it is not as substantial as the factors weighing in the government's favor.

4.  The Public Interest

The public's interest, at this stage of the proceedings, is that set forth in the Bail Reform Act: to be reasonably assured that the defendants do not pose a risk of harm to any person or the community, and do not pose a risk of flight. *See* 18 U.S.C. § 3142(b); *Michigan Coalition v. Griepentrog*, 945 F.2d at 155 (public interest in safety was goal of environmental statute at issue there).

In addition, as mentioned in Section 2, the public interest would be harmed if the Court permitted the defendants' release prior to a ruling by the Sixth Circuit, because any harm committed by the defendants during their release (whether violence or flight) could not be undone. Moreover, this Court has already noted the public interest in maintaining the status quo pending the resolution of appellate proceedings, as it relied solely on that factor as establishing a sufficient basis to enter the limited stay. (R. 140: Order at 2.

## CONCLUSION

For the reasons stated, the government respectfully requests that the Court extend the stay previously entered to encompass the Sixth Circuit's decision, upon expedited briefing, on the

---

[3]Title 18 U.S.C. § 3142(e)(3)(B) incorporates 18 U.S.C. § 924(c), charged in Counts Four and Five. Title 18 U.S.C. § 3142(e)(3)(C) incorporates any offense listed in section 2332b(g)(5)(B), which includes the weapons of mass destruction charge contained in Count Two.

question of bail pending trial for these defendants.  If the Court is disinclined to continue the stay, the government asks that any order dissolving the stay provide for reasonable time to allow the government to move for an emergency stay in the Sixth Circuit.

                        Respectfully submitted,

                        BARBARA L. McQUADE
                        United States Attorney

                        s/Ronald W. Waterstreet
                        RONALD W. WATERSTREET
                        Assistant United States Attorney
                        211 West Fort Street, Suite 2001
                        Detroit, Michigan 48226-3220
                        Phone: 313-226-9593
                        Email: Ronald.Waterstreet@usdoj.gov

                        s/Joseph L. Falvey
                        JOSEPH L. FALVEY
                        Assistant United States Attorney
                        211 West Fort Street, Suite 2001
                        Detroit, Michigan 48226-3220
                        Phone: 313-226-9610
                        Email: Joseph.Falvey@usdoj.gov

Dated: May 5, 2010

CERTIFICATE OF SERVICE

     I hereby certify that on May 5, 2010, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>William W. Swor, Esq.
>Richard M. Helfrick, Esq.
>James C. Thomas, Esq.
>Michael A. Rataj, Esq.
>Randall C. Roberts, Esq.
>Mark A. Satawa, Esq.
>Henry M. Scharg, Esq.
>Christopher M . Seikaly, Esq.
>Arthur Weiss, Esq.

>s/Ronald W. Waterstreet
>Assistant United States Attorney
>211 West Fort Street, Suite 2001
>Detroit, Michigan  48226-3220
>Phone: 313-226-9593
>Email: Ronald.Waterstreet@usdoj.gov