

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

D-1 DAVID BRIAN STONE, a.k.a. "RD,"
    a.k.a. "Joe Stonewall," a.k.a. "Captain Hutaree,"
D-2 DAVID BRIAN STONE, JR., a.k.a. "Junior,"
D-3 JOSHUA MATTHEW STONE, a.k.a. "Josh,"
D-4 TINA MAE STONE,
D-5 JOSHUA JOHN CLOUGH, a.k.a "Azzurlin,"
    a.k.a. "Az," a.k.a. "Mouse," a.k.a. "Jason Z. Charles,"
D-6 MICHAEL DAVID MEEKS, a.k.a. "Mikey,"
D-7 THOMAS WILLIAM PIATEK,
D-8 KRISTOPHER T. SICKLES, a.k.a. "Pale Horse,"
D-9 JACOB J. WARD, a.k.a. "Jake," a.k.a. "Nate,"
    a.k.a. "Guhighllo,"

        Defendants.

_____/

CRIMINAL NO. 10-CR-20123

HON. VICTORIA A. ROBERTS

VIOLATIONS:

18 U.S.C. § 2384
18 U.S.C. § 2332a(a)(2)
18 U.S.C. § 842(p)(2)
18 U.S.C. § 924(c)(1)
18 U.S.C. § 922(o)
18 U.S.C. § 924(a)(2)
26 U.S.C. § 5861(d)
26 U.S.C. § 5871
Criminal forfeiture
allegations

## SECOND SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

1.    As used herein, the term "weapon of mass destruction" has the meaning set forth in Title 18, United States Code, Section 2332a(c)(2), including any destructive device as defined in Title 18, United States Code, Section 921(a)(4), that is, any explosive or incendiary bomb, grenade, rocket having a propellant charge of more than four ounces, missile having an explosive or incendiary charge of more than one-quarter ounce, mine, or similar device.

2.      As used herein, the term "machinegun" has the meaning set forth in Title 18, United States Code, Section 921(23) and Title 26, United States Code, Section 5845(b), that is, any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

3.      As used herein, the term "improvised explosive device" (IED) means an explosive device that is placed or fabricated in an improvised manner incorporating destructive, lethal, noxious, pyrotechnic, or incendiary chemicals and designed to destroy, incapacitate, harass, or distract. It may incorporate materials from military sources, but is normally devised from non-military components.

4.      As used herein, the term "explosively formed penetrator" (EFP), also known as an explosively formed projectile, a self-forging warhead, or a self-forging fragment, means a special type of shaped charge designed to penetrate armor effectively at stand-off distances.

5.      Venue is proper in the Eastern District of Michigan.

6.      At all relevant times there existed an organization known as the "HUTAREE," based in Lenawee County Michigan, which was an anti-government militia organization which advocated and prepared for violence against local, state, and federal law enforcement. The HUTAREE's goals included opposing by force the authority of the Government of the United States and preventing, hindering, and delaying by force the execution of United States law, including federal laws regarding the sale, purchase, receipt, possession, and use of firearms and destructive devices.

7.      The defendants, DAVID BRIAN STONE, a.k.a. "RD," a.k.a. "Joe Stonewall,"

2

a.k.a. "Captain Hutaree," DAVID BRIAN STONE, JR., a.k.a. "Junior," JOSHUA MATTHEW

STONE, a.k.a. "Josh," TINA MAE STONE, JOSHUA JOHN CLOUGH, a.k.a "Azzurlin,"a.k.a.

"Az," a.k.a. "Mouse," a.k.a. "Jason Z. Charles," MICHAEL DAVID MEEKS, a.k.a. "Mikey,"

THOMAS WILLIAM PIATEK, KRISTOPHER T. SICKLES, a.k.a. "Pale Horse," JACOB J.

WARD, a.k.a. "Jake," a.k.a. "Nate," a.k.a. "Guhighllo," and others known and unknown to the

Grand Jury, were members of the HUTAREE. Some HUTAREE members are identifiable by

their tiger stripe camouflage uniforms with a distinct shoulder patch which contains a black

cross, two brown vertical pillars which form the letter "H" in combination with the black cross,

two red spears, a brown V shape at the base of the cross symbolizing the supporting hands of the

HUTAREE, and the initials "CCR."

      8.     The HUTAREE identifies as its enemy a group it calls "the Brotherhood." To the

HUTAREE, the Brotherhood includes: (A) federal law enforcement agencies and their

employees, and (B) state and local law enforcement agencies and their employees, whom the

HUTAREE deems to be "foot soldiers" of the federal government. The HUTAREE views these

enemies as participants in the "New World Order," which the HUTAREE intends to oppose by

force. The HUTAREE also intends to oppose by force any individual, organization, or

government body that does not share its beliefs.

      9.     At all relevant times, defendant DAVID BRIAN STONE has been the principal

leader of the HUTAREE. He has organized the HUTAREE into two operational units, one led by

himself and the other led by one of his sons, defendant JOSHUA MATTHEW STONE. Another

son, defendant DAVID BRIAN STONE, Jr., has served as an explosives instructor and

demonstrator, and participated in operational planning and training. Defendant DAVID BRIAN

STONE has also established a HUTAREE rank structure, assigned HUTAREE alias names to

members of the organization, and created HUTAREE words for various military formations and

maneuvers. Defendant DAVID BRIAN STONE assigned to himself the rank of "Radok,"

meaning Commander of the HUTAREE, for which his alias name "RD" is an abbreviation.

10.    At all relevant times, defendants TINA MAE STONE, JOSHUA JOHN

CLOUGH, MICHAEL DAVID MEEKS, THOMAS WILLIAM PIATEK, KRISTOPHER T.

SICKLES, and JACOB J. WARD, were members of the HUTAREE.

11.    Since at least 2008, the HUTAREE has met regularly to conduct military-style

training in Lenawee County, located in the Eastern District of Michigan, and elsewhere. The

purpose of this training has been to plan and prepare for violence against the HUTAREE's

enemies. This purpose includes opposing by force the authority of the Government of the United

States, and preventing, hindering, and delaying by force the execution of United States law. The

HUTAREE have trained with machineguns, short-barreled firearms, and explosive devices.

HUTAREE training has included weapons proficiency drills, patrolling and reconnaissance

exercises, close quarter battle drills, and "man-down" drills. The HUTAREE have also trained to

set up prepared defensive fighting positions, ambush kill zones, and storage bunkers, and they

have received instruction and demonstrations regarding the manufacturing and use of destructive

devices and weapons of mass destruction.

12.    On the weekend of March 27-28, 2010, federal agents executed search warrants at

numerous locations in Michigan, Ohio, and Indiana, including the residence of defendants

DAVID BRIAN STONE, JOSHUA MATTHEW STONE, and TINA MAE STONE in Clayton, Michigan. This residence was used as the base for many of the meetings and training sessions of the HUTAREE. Agents seized numerous items from the Stone residence and vehicles located there, and from the other locations they searched. The items seized included machineguns, unregistered short-barreled rifles, numerous other firearms, over 148,000 rounds of ammunition, a variety of military equipment, and a variety of explosives and related items capable of being readily assembled to build several types of destructive devices including IEDs.

## COUNT ONE

### (18 U.S.C. § 2384 – SEDITIOUS CONSPIRACY)

| | |
|---|---|
| D-1 | DAVID BRIAN STONE, a.k.a. "RD,"a.k.a. "Joe Stonewall," a.k.a. "Captain Hutaree," |
| D-2 | DAVID BRIAN STONE, JR., a.k.a. "Junior," |
| D-3 | JOSHUA MATTHEW STONE, a.k.a. "Josh," |
| D-4 | TINA MAE STONE, |
| D-5 | JOSHUA JOHN CLOUGH, a.k.a "Azzurlin," a.k.a. "Az," a.k.a. "Mouse," a.k.a. "Jason Z. Charles," |
| D-6 | MICHAEL DAVID MEEKS, a.k.a. "Mikey," |
| D-7 | THOMAS WILLIAM PIATEK, |
| D-8 | KRISTOPHER T. SICKLES, a.k.a. "Pale Horse," |
| D-9 | JACOB J. WARD, a.k.a. "Jake," a.k.a. "Nate," a.k.a. "Guhighllo" |

1.     The General Allegations are incorporated by reference, as if set forth in full herein.

2.     From on or about August 16, 2008, and continuing thereafter up to and including March 29, 2010, in the Eastern District of Michigan, and elsewhere, the defendants, DAVID BRIAN STONE, a.k.a. "RD," a.k.a. "Joe Stonewall," a.k.a. "Captain Hutaree," DAVID BRIAN

STONE, JR., a.k.a. "Junior," JOSHUA MATTHEW STONE, a.k.a. "Josh," TINA MAE

STONE, JOSHUA JOHN CLOUGH, a.k.a "Azzurlin,"a.k.a. "Az," a.k.a. "Mouse," a.k.a. "Jason

Z. Charles," MICHAEL DAVID MEEKS, a.k.a. "Mikey," THOMAS WILLIAM PIATEK,

KRISTOPHER T. SICKLES, a.k.a. "Pale Horse," and JACOB J. WARD, a.k.a. "Jake," a.k.a.

"Nate," a.k.a. "Guhighllo," knowingly conspired, confederated, and agreed with each other and

with other persons known and unknown to the Grand Jury, to oppose by force the authority of the

Government of the United States, and to prevent, hinder, and delay by force the execution of

United States law, including federal laws regarding the sale, purchase, receipt, possession, and

use of firearms and destructive devices.

## THE MEANS AND METHODS USED TO FURTHER
## THE OBJECTS OF THE CONSPIRACY

3.      The HUTAREE's general plan was to commit some violent act to draw the

attention of law enforcement or government officials, in order to prompt a response by law

enforcement. HUTAREE members discussed a variety of such violent acts, included killing a

member of law enforcement after a traffic stop, killing a member of law enforcement and his or

her family at home, ambushing a member of law enforcement in a rural community, luring a

member of law enforcement with a false 911 emergency call and then killing him or her, and

killing a member of law enforcement and then attacking the funeral procession motorcade with

weapons of mass destruction. The HUTAREE intended that such acts would intimidate and

demoralize law enforcement, thereby diminishing its ranks and rendering it ineffective.

4.      The HUTAREE's general plan was further that, once violent action had been

taken and a response by law enforcement had been provoked, HUTAREE members would retreat to one of several "rally points" where the HUTAREE would conduct operations against the government and be prepared to defend in depth with trip-wired and command detonated anti-personnel IEDs, ambushes, and prepared fighting positions. The HUTAREE believed and intended that such an engagement would be a catalyst for a more widespread uprising against the United States Government.

5.      The conspirators planned and trained for armed conflict against local, state, and federal law enforcement by engaging in the following means and methods, among others:

a. Conspirators acquired firearms, including at least five machineguns and at least three unregistered short-barreled rifles; magazines and ammunition; explosives and other components for destructive devices; uniforms; communications equipment; supply vehicles; and medical and other supplies.

b. Conspirators engaged in military-style training in anticipation of the planned military operations. During these training sessions, each participant carried and used at least one firearm, which sometimes included machineguns and short-barreled rifles. This training has also included instruction and demonstrations regarding the manufacturing and use of destructive devices and weapons of mass destruction.

c. Defendant DAVID BRIAN STONE planned with others the killing of an unidentified member of local law enforcement. Defendant DAVID BRIAN STONE intended  that, as a result, law enforcement officers from throughout the nation would be drawn to and gather in the Eastern District of Michigan for the funeral. The HUTAREE would then attack law enforcement vehicles

7

during the funeral procession with homemade mortars, IEDs, and EFPs.

d. In furtherance of this plan, DAVID BRIAN STONE obtained information about IEDs and EFPs from the internet and emailed diagrams of such devices to a person he believed capable of manufacturing the devices. Also in furtherance of this plan, defendant JOSHUA MATTHEW STONE and others provided this person with materials necessary for the manufacturing of such devices, at the direction of defendant DAVID BRIAN STONE. Unknown to the defendants, this person was an undercover government agent who had infiltrated the HUTAREE and had shown them that he was capable of manufacturing the IEDs, EFPs, and other destructive devices that they wanted to use.

e. On or about January 9, 2010, during a training exercise at the STONE home in Clayton, Michigan, defendants DAVID BRIAN STONE and JOSHUA MATTHEW STONE planned and announced a covert reconnaissance exercise scheduled for April 2010. They planned that during this exercise anyone who happened upon the exercise, including innocent civilians, who did not acquiesce to HUTAREE demands, could be killed. DAVID BRIAN STONE further advised his conspirators that HUTAREE training scheduled for February and March, 2010, would be devoted to preparing for the reconnaissance exercise. Also present during this exercise were defendants TINA MAE STONE, JOSHUA JOHN CLOUGH, MICHAEL DAVID MEEKS, KRISTOPHER T. SICKLES, and JACOB J. WARD.

f. On or about February 6, 2010, defendants DAVID BRIAN STONE, JOSHUA MATTHEW STONE, MICHAEL DAVID MEEKS, THOMAS WILLIAM PIATEK, and JOSHUA JOHN CLOUGH, and the undercover agent described in paragraph 5(d), above,

attempted to travel together to Kentucky to attend a summit of militia groups convened by

DAVID BRIAN STONE. The purpose of the summit was to facilitate better communications,

cooperation, and coordination between the various militias. In anticipation of the summit,

DAVID BRIAN STONE had solicited the undercover government agent to provide him with

four anti-personnel IEDs to take with them to the summit. Weather conditions prevented them

from reaching their destination. During the trip DAVID BRIAN STONE identified law

enforcement officers in a specific community near his residence, and one officer in particular, as

potential targets of attack. During that trip, conspirators, including DAVID BRIAN STONE,

JOSHUA MATTHEW STONE, MICHAEL DAVID MEEKS, THOMAS WILLIAM PIATEK,

and JOSHUA JOHN CLOUGH, brought with them a large quantity of ammunition and firearms,

including at least one machinegun and at least one unregistered short-barreled rifle.

g. On or about February 20, 2010, defendants DAVID BRIAN STONE, DAVID BRIAN

STONE, JR., JOSHUA MATTHEW STONE, MICHAEL DAVID MEEKS, KRISTOPHER T.

SICKLES, JACOB J. WARD and others gathered in Lenawee County in the Eastern District of

Michigan and engaged in training devoted to preparing for the planned covert reconnaissance

exercise describe above. Each of the conspirators in attendance carried and used at least one

firearm.

h. On or about March 27, 2010, DAVID BRIAN STONE and several other HUTAREE

members were arrested by law enforcement. As part of the conspiracy, the HUTAREE had

established a written Protocol for how to respond to situations that threatened their organization,

including law enforcement contacts. This Protocol included instructions for contacting and

notifying members and other militia groups, deciding whether to "GO HOT," and reporting to

"rally points" for armed defense. Upon learning of the arrest of his father and other HUTAREE

members, defendant JOSHUA MATTHEW STONE attempted to carry out the HUTAREE's

Protocol by contacting and alerting, and attempting to contact and alert, HUTAREE members

and members of other militia or paramilitary organizations, by gathering together with

HUTAREE members and associates, by proceeding to a pre-determined "rally point," by arming

himself and his associates, by preparing to engage law enforcement, and by engaging in a stand-

off with law enforcement that continued until March 29, 2010.

In violation of Section 2384 of Title 18 of the United States Code.

## COUNT TWO

### (18 U.S.C. § 2332a(a)(2) – CONSPIRACY TO USE WEAPONS OF MASS DESTRUCTION)

D-l    DAVID BRIAN STONE, a.k.a. "RD,"a.k.a. "Joe Stonewall,"
       a.k.a. "Captain Hutaree,"
D-2    DAVID BRIAN STONE, JR., a.k.a. "Junior,"
D-3    JOSHUA MATTHEW STONE, a.k.a. "Josh,"
D-4    TINA MAE STONE,
D-5    JOSHUA JOHN CLOUGH, a.k.a "Azzurlin," a.k.a. "Az,"
       a.k.a. "Mouse," a.k.a. "Jason Z. Charles,"
D-6    MICHAEL DAVID MEEKS, a.k.a. "Mikey,"
D-7    THOMAS WILLIAM PIATEK,
D-8    KRISTOPHER T. SICKLES, a.k.a. "Pale Horse,"
D-9    JACOB J. WARD, a.k.a. "Jake," a.k.a. "Nate,"
       a.k.a. "Guhighllo"

1.    The General Allegations, as well as the allegations of Count One of this

Superseding Indictment, are incorporated by reference as if set forth in full herein.

10

2.      From in or before June, 2009, and continuing thereafter up to and including

March 27, 2010, in the Eastern District of Michigan, , and elsewhere, the defendants, DAVID

BRIAN STONE, a.k.a. "RD," a.k.a. "Joe Stonewall," a.k.a. "Captain Hutaree," DAVID BRIAN

STONE, JR., a.k.a. "Junior," JOSHUA MATTHEW STONE, a.k.a. "Josh," TINA MAE

STONE, JOSHUA JOHN CLOUGH, a.k.a "Azzurlin,"a.k.a. "Az," a.k.a. "Mouse," a.k.a. "Jason

Z. Charles," MICHAEL DAVID MEEKS, a.k.a. "Mikey," THOMAS WILLIAM PIATEK,

KRISTOPHER T. SICKLES, a.k.a. "Pale Horse," and JACOB J. WARD, a.k.a. "Jake," a.k.a.

"Nate," a.k.a. "Guhighllo," conspired to use, without lawful authority, one or more weapons of

mass destruction, specifically explosive bombs, explosive mines, and other similar explosive

devices, against persons and property within the United States, that is, local, state, and federal

law enforcement officers and vehicles owned and used by local, state, and federal law

enforcement agencies.

3.      As part of the conspiracy described in Paragraph Two:

a.      The conspirators used facilities of interstate commerce, including email,

the internet, and telephones;

b.      Property which was the target of the conspiracy, that is, vehicles owned

and used by local, state, and federal law enforcement agencies, was used in interstate and foreign

commerce and in an activity that affects interstate and foreign commerce;

c.      One or more perpetrators traveled in and caused another to travel in

interstate or foreign commerce in furtherance of the offense; and

d.      The offense, or the results of the offense, would have affected interstate or

11

foreign commerce.

In violation of Section 2332a(a)(2) of Title 18 of the United States Code.

## COUNT THREE

### (18 U.S.C. § 842(p)(2) – TEACHING AND DEMONSTRATING USE OF EXPLOSIVES, DESTRUCTIVE DEVICES, AND WEAPONS OF MASS DESTRUCTION)

D-1    DAVID BRIAN STONE, a.k.a. "RD,"a.k.a. "Joe Stonewall," a.k.a. "Captain Hutaree,"
D-2    DAVID BRIAN STONE, JR., a.k.a. "Junior"

1.    The General Allegations, as well as the allegations of Counts One and Two of this Superseding Indictment, are incorporated by reference as if set forth in full herein.

2.    On or about June 13, 2009, in the Eastern District of Michigan, defendants DAVID BRIAN STONE, a.k.a. "RD," a.k.a. "Joe Stonewall," a.k.a. "Captain Hutaree," and DAVID BRIAN STONE, JR., a.k.a. "Junior,"

A.    Taught and demonstrated the making and use of an explosive, a destructive device, and a weapon of mass destruction, and distributed information pertaining, in whole or in part, to the manufacture and use of an explosive, a destructive device, and a weapon of mass destruction, with the intent that the teaching, demonstration, and information be used for and in furtherance of an activity that constitutes a federal crime of violence, that is, Seditious Conspiracy, as alleged in Count One of this Superseding Indictment and Conspiracy to Use Weapons of Mass Destruction, as alleged in Count Two of this Superseding Indictment; and

B.    Taught and demonstrated to one or more persons the making and use of an explosive, a destructive device, and a weapon of mass destruction, and distributed to one or more

12

persons, information pertaining, in whole or in part, to the manufacture or use of an explosive, a

destructive device, and a weapon of mass destruction, knowing that such person or persons

intended to use the teaching, demonstration, and information for and in furtherance of an activity

that constitutes a federal crime of violence, that is, Seditious Conspiracy, as alleged in Count One

of this Superseding Indictment, and Conspiracy to Use Weapons of Mass Destruction, as alleged

in Count Two of this Superseding Indictment.

       In violation of Section 842(p)(2) of Title 18 of the United States Code.

## COUNT FOUR

### (18 U.S.C. § 924(c)(1) – USE AND CARRYING OF A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE)

| | |
|---|---|
| D-1 | DAVID BRIAN STONE, a.k.a. "RD,"a.k.a. "Joe Stonewall," a.k.a. "Captain Hutaree," |
| D-2 | DAVID BRIAN STONE, JR., a.k.a. "Junior," |
| D-3 | JOSHUA MATTHEW STONE, a.k.a. "Josh," |
| D-4 | TINA MAE STONE, |
| D-5 | JOSHUA JOHN CLOUGH, a.k.a "Azzurlin," a.k.a. "Az," a.k.a. "Mouse," a.k.a. "Jason Z. Charles," |
| D-6 | MICHAEL DAVID MEEKS, a.k.a. "Mikey," |
| D-7 | THOMAS WILLIAM PIATEK, |
| D-8 | KRISTOPHER T. SICKLES, a.k.a. "Pale Horse," |
| D-9 | JACOB J. WARD, a.k.a. "Jake," a.k.a. "Nate," a.k.a. "Guhighllo" |

       1.     The General Allegations, as well as the allegations of Counts One and Two of this

Superseding Indictment, are incorporated by reference as if set forth in full herein.

       2.     On or about August 22, 2009, in the Eastern District of Michigan, defendants

DAVID BRIAN STONE, a.k.a. "RD," a.k.a. "Joe Stonewall," a.k.a. "Captain Hutaree," DAVID

13

BRIAN STONE, JR., a.k.a. "Junior," JOSHUA MATTHEW STONE, a.k.a. "Josh," TINA MAE

STONE, JOSHUA JOHN CLOUGH, a.k.a "Azzurlin,"a.k.a. "Az," a.k.a. "Mouse," a.k.a. "Jason

Z. Charles," MICHAEL DAVID MEEKS, a.k.a. "Mikey," THOMAS WILLIAM PIATEK,

KRISTOPHER T. SICKLES, a.k.a. "Pale Horse," and JACOB J. WARD, a.k.a. "Jake," a.k.a.

"Nate," a.k.a. "Guhighllo," knowingly used and carried firearms during and in relation to one or

more crimes of violence for which they may be prosecuted in a court of the United States, that is,

Seditious Conspiracy and Conspiracy to Use Weapons of Mass Destruction, as alleged in Counts

One and Two of this Superseding Indictment.

In violation of Section 924(c)(1) of Title 18, United States Code.

## COUNT FIVE

### (18 U.S.C. § 924(c)(1) – POSSESSING A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE)

D-1    DAVID BRIAN STONE, a.k.a. "RD,"a.k.a. "Joe Stonewall,"
        a.k.a. "Captain Hutaree,"
D-2    DAVID BRIAN STONE, JR., a.k.a. "Junior,"
D-3    JOSHUA MATTHEW STONE, a.k.a. "Josh,"
D-4    TINA MAE STONE,
D-5    JOSHUA JOHN CLOUGH, a.k.a "Azzurlin," a.k.a. "Az,"
        a.k.a. "Mouse," a.k.a. "Jason Z. Charles,"
D-6    MICHAEL DAVID MEEKS, a.k.a. "Mikey,"
D-7    THOMAS WILLIAM PIATEK,
D-8    KRISTOPHER T. SICKLES, a.k.a. "Pale Horse,"
D-9    JACOB J. WARD, a.k.a. "Jake," a.k.a. "Nate,"
        a.k.a. "Guhighllo"

    1.    The General Allegations, as well as the allegations of Counts One and Two of this

Superseding Indictment, are incorporated by reference as if set forth in full herein.

14

2.     On or about August 22, 2009, in the Eastern District of Michigan, defendants

DAVID BRIAN STONE, a.k.a. "RD," a.k.a. "Joe Stonewall," a.k.a. "Captain Hutaree," DAVID

BRIAN STONE, JR., a.k.a. "Junior," JOSHUA MATTHEW STONE, a.k.a. "Josh," TINA MAE

STONE, JOSHUA JOHN CLOUGH, a.k.a "Azzurlin,"a.k.a. "Az," a.k.a. "Mouse," a.k.a. "Jason

Z. Charles," MICHAEL DAVID MEEKS, a.k.a. "Mikey," THOMAS WILLIAM PIATEK,

KRISTOPHER T. SICKLES, a.k.a. "Pale Horse," and JACOB J. WARD, a.k.a. "Jake," a.k.a.

"Nate," a.k.a. "Guhighllo," knowingly possessed firearms in furtherance of one or more crimes

of violence for which they may be prosecuted in a court of the United States, that is, Seditious

Conspiracy and Conspiracy to Use Weapons of Mass Destruction, as alleged in Counts One and

Two of this Superseding Indictment.

In violation of Section 924(c)(1) of Title 18, United States Code.

15

COUNT SIX

§ 924(c)(1) – USE AND CARRYING OF A FIREARM
DURING AND IN RELATION TO A CRIME OF VIOLENCE)

D-l   DAVID BRIAN STONE, a.k.a. "RD," a.k.a. "Joe Stonewall,"
      a.k.a. "Captain Hutaree,"
D-2   DAVID BRIAN STONE, JR., a.k.a. "Junior,"
D-3   JOSHUA MATTHEW STONE, a.k.a. "Josh,"
D-5   JOSHUA JOHN CLOUGH, a.k.a "Azzurlin," a.k.a. "Az,"
      a.k.a. "Mouse," a.k.a. "Jason Z. Charles,"
D-6   MICHAEL DAVID MEEKS, a.k.a. "Mikey,"
D-8   KRISTOPHER T. SICKLES, a.k.a. "Pale Horse,"
D-9   JACOB J. WARD, a.k.a. "Jake," a.k.a. "Nate,"
      a.k.a. "Guhighllo"

     1.     The General Allegations, as well as the allegations of Counts One and Two of this

Superseding Indictment, are incorporated by reference as if set forth in full herein.

     2.     On or about February 20, 2010, in the Eastern District of Michigan, defendants

DAVID BRIAN STONE, a.k.a. "RD," a.k.a. "Joe Stonewall," a.k.a. "Captain Hutaree," DAVID

BRIAN STONE, JR., a.k.a. "Junior," JOSHUA MATTHEW STONE, a.k.a. "Josh," JOSHUA

JOHN CLOUGH, a.k.a "Azzurlin,"a.k.a. "Az," a.k.a. "Mouse," a.k.a. "Jason Z. Charles,"

MICHAEL DAVID MEEKS, a.k.a. "Mikey," KRISTOPHER T. SICKLES, and JACOB J.

WARD, a.k.a. "Jake," a.k.a. "Nate," a.k.a. "Guhighllo," knowingly used and carried firearms

during and in relation to one or more crimes of violence for which they may be prosecuted in a

court of the United States, that is, Seditious Conspiracy and Conspiracy to Use Weapons of Mass

Destruction, as alleged in Counts One and Two of this Superseding Indictment.

     In violation of Section 924(c)(1) of Title 18, United States Code.

16

## COUNT SEVEN

### (18 U.S.C. § 924(c)(1) – POSSESSING A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE)

D-1     DAVID BRIAN STONE, a.k.a. "RD," a.k.a. "Joe Stonewall," a.k.a. "Captain Hutaree,"
D-2     DAVID BRIAN STONE, JR., a.k.a. "Junior,"
D-3     JOSHUA MATTHEW STONE, a.k.a. "Josh,"
D-5     JOSHUA JOHN CLOUGH, a.k.a "Azzurlin," a.k.a. "Az," a.k.a. "Mouse," a.k.a. "Jason Z. Charles,"
D-6     MICHAEL DAVID MEEKS, a.k.a. "Mikey,"
D-8     KRISTOPHER T. SICKLES, a.k.a. "Pale Horse,"
D-9     JACOB J. WARD, a.k.a. "Jake," a.k.a. "Nate," a.k.a. "Guhighllo"

     1.      The General Allegations, as well as the allegations of Counts One and Two of this Superseding Indictment, are incorporated by reference as if set forth in full herein.

     2.      On or about February 20, 2010, in the Eastern District of Michigan, defendants DAVID BRIAN STONE, a.k.a. "RD," a.k.a. "Joe Stonewall," a.k.a. "Captain Hutaree," DAVID BRIAN STONE, JR., a.k.a. "Junior," JOSHUA MATTHEW STONE, a.k.a. "Josh," JOSHUA JOHN CLOUGH, a.k.a "Azzurlin,"a.k.a. "Az," a.k.a. "Mouse," a.k.a. "Jason Z. Charles," MICHAEL DAVID MEEKS, a.k.a. "Mikey," KRISTOPHER T. SICKLES, and JACOB J. WARD, a.k.a. "Jake," a.k.a. "Nate," a.k.a. "Guhighllo," knowingly possessed firearms in furtherance of one or more crimes of violence for which they may be prosecuted in a court of the United States, that is, Seditious Conspiracy and Conspiracy to Use Weapons of Mass Destruction, as alleged in Counts One and Two of this Superseding Indictment.

     In violation of Section 924(c)(1) of Title 18, United States Code.

17

## COUNT EIGHT

### (18 U.S.C. §§ 922(o), 924(a)(2) – POSSESSION OF MACHINEGUN)

D-1     DAVID BRIAN STONE, a.k.a. "RD," a.k.a. "Joe Stonewall,"
        a.k.a. "Captain Hutaree,"

    1.      The General Allegations, as well as the allegations of Counts One and Two of this Superseding Indictment, are incorporated by reference as if set forth in full herein.

    2.      On or about March 27, 2010, in the Eastern District of Michigan, defendant DAVID BRIAN STONE, a.k.a. "Joe Stonewall," a.k.a. "Captain Hutaree," knowingly possessed a machinegun, that is, a Double Star Corp., .223 Remington/5.56mm. caliber rifle, Model Star-15, serial number DS17822.

    In violation of Sections 922(o) and 924(a)(2) of Title 18, United States Code.

## COUNT NINE

### (18 U.S.C. §§ 922(o), 924(a)(2) – POSSESSION OF MACHINEGUN)

D-1     DAVID BRIAN STONE, a.k.a. "RD," a.k.a. "Joe Stonewall,"
        a.k.a. "Captain Hutaree,"

    1.      The General Allegations, as well as the allegations of Counts One and Two of this Superseding Indictment, are incorporated by reference as if set forth in full herein.

    2.      On or about March 27, 2010, in the Eastern District of Michigan, defendant DAVID BRIAN STONE, a.k.a. "Joe Stonewall," a.k.a. "Captain Hutaree," knowingly possessed

a machinegun, that is, a Bushmaster .223 caliber rifle, Model XM15-E2S, serial number L212998.

In violation of Sections 922(o) and 924(a)(2) of Title 18, United States Code.

## COUNT TEN

### (18 U.S.C. §§ 922(o), 924(a)(2) – POSSESSION OF MACHINEGUN)

D-3    JOSHUA MATTHEW STONE, a.k.a. "Josh,"

1.    The General Allegations, as well as the allegations of Counts One and Two of this Superseding Indictment, are incorporated by reference as if set forth in full herein.

2.    On or about March 27, 2010, in the Eastern District of Michigan, defendant JOSHUA MATTHEW STONE, a.k.a. "Josh," knowingly possessed a machinegun, that is, a Double Star Corp., .223 caliber/5.56 mm. rifle, Model Star-15, serial number D0006088.

In violation of Sections 922(o) and 924(a)(2) of Title 18, United States Code.

## COUNT ELEVEN

### (18 U.S.C. §§ 922(o), 924(a)(2) – POSSESSION OF MACHINEGUN)

D-5    JOSHUA JOHN CLOUGH, a.k.a "Azzurlin,"
       a.k.a. "Az," a.k.a. "Mouse," a.k.a. "Jason Z. Charles,"

1.    The General Allegations, as well as the allegations of Counts One and Two of this Superseding Indictment, are incorporated by reference as if set forth in full herein.

2.    On or about March 27, 2010, in the Eastern District of Michigan, defendant JOSHUA JOHN CLOUGH, a.k.a "Azzurlin," a.k.a. "Az," a.k.a. "Mouse," a.k.a. "Jason Z.

19

Charles," knowingly possessed a  machinegun, that is, a Mega Machine Shop, Inc., .223

caliber/5.56 mm. rifle, Model MMS, serial number MGA0104.

In violation of Sections 922(o) and 924(a)(2) of Title 18, United States Code.


## COUNT TWELVE

### (18 U.S.C. §§ 922(o), 924(a)(2) – POSSESSION OF MACHINEGUN)

D-5     JOSHUA JOHN CLOUGH, a.k.a "Azzurlin,"
        a.k.a. "Az," a.k.a. "Mouse," a.k.a. "Jason Z. Charles,"

1.     The General Allegations, as well as the allegations of Counts One and Two of this

Superseding Indictment, are incorporated by reference as if set forth in full herein.

2.     On or about March 27, 2010, in the Eastern District of Michigan, defendant

JOSHUA JOHN CLOUGH, a.k.a "Azzurlin,"a.k.a. "Az," a.k.a. "Mouse," a.k.a. "Jason Z.

Charles," knowingly possessed a machinegun, that is, a Kalashnikov-style, 5.45x39mm caliber

rifle, manufacturer unknown, no serial number, with a folding stock.

In violation of Sections 922(o) and 924(a)(2) of Title 18, United States Code.


## COUNT THIRTEEN

### (26 U.S.C. §§ 5841, 5861(d) and 5871 – POSSESSION OF A FIREARM NOT REGISTERED IN THE NATIONAL FIREARMS REGISTRATION AND TRANSFER RECORD)

D-l     DAVID BRIAN STONE, a.k.a. "RD," a.k.a. "Joe Stonewall,"
        a.k.a. "Captain Hutaree,"

1.     The General Allegations, as well as the allegations of Counts One and Two of this

Superseding Indictment, are incorporated by reference as if set forth in full herein.

2.      On or about March 27, 2010, in the Eastern District of Michigan, defendant

DAVID BRIAN STONE knowingly possessed a "firearm" as that term is defined in Title 26,

United States Code, Sections 5845(c) and 5845(a)(3), that is, a rifle which had a barrel of less

than 16 inches in length, namely a Double Star Corp., .223 Remington/5.56 mm. caliber rifle,

Model Star-15, serial D0006086, which had a barrel length of approximately 10 1/4 inches,

which firearm was not registered to him in the National Firearms Registration and Transfer

Record.

In violation of Sections 5841, 5861(d) and 5871 of Title 26, United States Code.

COUNT FOURTEEN

(26 U.S.C. §§ 5841, 5861(d) and 5871 – POSSESSION OF A FIREARM NOT
REGISTERED IN THE NATIONAL FIREARMS REGISTRATION
AND TRANSFER RECORD)

D-2     DAVID BRIAN STONE, JR., a.k.a. "Junior,"

1.      The General Allegations, as well as the allegations of Counts One and Two of this

Superseding Indictment, are incorporated by reference as if set forth in full herein.

2.      On or about March 27, 2010, in the Eastern District of Michigan, defendant

DAVID BRIAN STONE, Jr., a.k.a. "Junior," knowingly possessed a "firearm" as that term is

defined in Title 26, United States Code, Sections 5845(c) and 5845(a)(3), that is, a rifle which

had a barrel of less than 16 inches in length, namely an E.A. Company, .223 caliber/5.56 mm.

rifle, Model J-15, serial number EA11573, which had a barrel length of approximately 11 inches,

which firearm was not registered in the National Firearms Registration and Transfer Record.

In violation of Sections 5841, 5861(d) and 5871 of Title 26, United States Code.

## COUNT FIFTEEN

### (26 U.S.C. §§ 5841, 5861(d) and 5871 – POSSESSION OF A FIREARM NOT REGISTERED IN THE NATIONAL FIREARMS REGISTRATION AND TRANSFER RECORD)

D-3    JOSHUA MATTHEW STONE, a.k.a. "Josh,"

1.    The General Allegations, as well as the allegations of Counts One and Two of this Superseding Indictment, are incorporated by reference as if set forth in full herein.

2.    On or about March 27, 2010, in the Eastern District of Michigan, defendant JOSHUA MATTHEW STONE knowingly possessed a "firearm" as that term is defined in Title 26, United States Code, Sections 5845(c) and 5485(a)(3), that is, a rifle which had a barrel of less than 16 inches in length, namely a Sturm, Ruger & Co., .22 caliber rifle, Model 10/22 Carbine, serial number 113-92448, which had a barrel length of approximately 14 ½ inches, which firearm was not registered to him in the National Firearms Registration and Transfer Record.

In violation of Sections 5841, 5861(d) and 5871 of Title 26, United States Code.

## CRIMINAL FORFEITURE ALLEGATIONS

### (18 U.S.C. §§ 981(a)(1)(G), 924(d); 26 U.S.C. § 5872; 28 U.S.C. § 2461(c); 49 U.S.C. § 80303)

1.    The allegations contained in Counts 2 through 15 of this Second Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging

22

forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(G), 924(d), Title 28, United States Code, Section 2461(c) and Title 49, United States Code, Section 80303.

      2.      The violations of Title 18, United States Code, Section 2332a alleged in Count 2 of this Second Superseding Indictment are Federal crimes of terrorism, as defined in 18 U.S.C. § 2332b(g)(5), against the United States, citizens and residents of the United States, and their property.

      3.      Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 2332a  alleged in Count 2 of this Second Superseding Indictment, defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G)(i), (ii) and/or (iii) and Title 28, United States Code, Section 2461(c), all right, title, and interest in all assets, foreign and domestic, including assets acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property, and or assets derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property.

      4.      Upon conviction of the offense in violation of Title 18 United States Code, Section 842(p)(2), alleged in Count 3 of the Second Superseding Indictment, defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G)(i), (ii) and/or (iii) and Title 28, United States Code, Section 2461(c), all right, title, and interest in all assets, foreign and domestic, including assets acquired and maintained with the intent and for the

purpose of supporting, planning, conducting, and concealing a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property, and or assets derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property.

5.      Upon conviction of the offenses in violation of Title 18, United States Code, Section 924(c)(1) alleged in Counts 4 through 7 of the Second Superseding Indictment, defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing violation of those offenses.

6.      Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2), alleged in Counts 8 through 12 of the Second Superseding Indictment, defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing violation of those offenses.

7.      Upon conviction of the offenses in violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871, alleged in Counts 13 through 15 of the Second Superseding Indictment, defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), Title 26, United States Code, Section 5872, Title 28, United States Code, Section 2461(c) and Title 49, United States Code, Section 80303, any firearm or ammunition involved in or used in any knowing violation of those offenses.

8.      Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title

24

18, United States Code, Section 982(b), defendants shall forfeit substitute property, up to the

value of the properties described in paragraphs 2 through 6 above, if, by any act or omission of

the defendant, the property described in paragraphs 2 through 6 cannot be located upon the

exercise of due diligence; has been transferred, sold to or deposited with a third party; has been

placed beyond the jurisdiction of the court; has been substantially diminished in value; or has

been commingled with other property which cannot be divided without difficulty.

THIS IS A TRUE BILL

s/Grand Jury Foreperson
GRAND JURY FOREPERSON

BARBARA L. MCQUADE
United States Attorney
Eastern District of Michigan

s/ Sheldon N. Light
SHELDON N. LIGHT (p28798)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9732
Email: sheldon.light@usdoj.gov

s/ Christopher Graveline
CHRISTOPHER GRAVELINE (P69515)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9155
Email: Christopher.Graveline2@usdoj.gov

s/Joseph L. Falvey, Jr.
JOSEPH L. FALVEY, JR. (P51171)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9610
Email: Joseph.Falvey@usdoj.gov

s/Jonathan Tukel
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Email: Jonathan.Tukel@usdoj.gov

Dated: February 10, 2011

25

| United States District Court Eastern District of Michigan | Criminal Case Cover Sheet | Case Number 10-20123 |
| --- | --- | --- |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

## Reassignment/Recusal Information This matter was opened in the USAO prior to August 15, 2008   [ ]

| **Companion Case Information** | Companion Case Number: |
| --- | --- |
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☒ Yes        ☐ No | AUSA's Initials:  SNL |

Case Title: USA v.  David Brian Stone et al

County where offense occurred :  Lenawee

Check One:        ☒ Felony                ☐ Misdemeanor                ☐ Petty

_____ Indictment/_____ Information --- **no** prior complaint.
_____ Indictment/_____ Information --- based upon prior complaint [Case number: ]
__X__ Indictment/_____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

Superseding to Case No: 10-20123                Judge: **Roberts**
☐     Original case was terminated; no additional charges or defendants.
☐     Corrects errors; no additional charges or defendants.
☐     Involves, for plea purposes, different charges or adds counts.
☒     Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
| --- | --- | --- |
| David Brian Stone,  David Brian Stone, Jr., Joshua Stone | – | Criminal Forfeiture Allegations |
| Tina Mae Stone, Joshua Clough, Michael Meeks | – | Criminal Forfeiture Allegations |
| Thomas Piatek,  Kristopher Sickles, Jacob Ward | – | Criminal Forfeiture Allegations |
| Joshua Clough | – | 18 U.S.C. § § 922(o), 924(a)(2) |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

February 10, 2011
Date

SHELDON N. LIGHT
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:  (313) 226-9732
Fax: (313) 226-3413
E-Mail address:  sheldon.light@usdoj.gov

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09