UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,             Case No. 10-20123
                                        Honorable Victoria A. Roberts

v.

**DAVID STONE, JR.,**

               Defendant.

_____/

**DEFENDANT DAVID STONE JR.'S MOTION
FOR MODIFICATION OF BOND CONDITIONS**

     Defendant, **David Stone, Jr.**, by and through his attorneys, **Richard Helfrick** and **Todd Shanker**, requests this Honorable Court to modify and/or terminate the following bond conditions: (1) home confinement; (2) electronic monitoring; (3) non-consumption of alcohol; and (4) drug testing.  The following is offered in support thereof:

     1.  David Stone, Jr. is charged by Second Superseding Indictment with Seditious Conspiracy, Conspiracy To Use Weapons of Mass Destruction, Teaching/Demonstrating Use of Explosive Materials, Carrying a Firearm During and In Relation to A Crime of Violence and Possession of an Unregistered Firearm.

     2.  The Defendant seeks review of the conditions of bond pursuant to 18

U.S.C. § 3142(c) and moves this Honorable Court to terminate the above-specified conditions.

3.  Over a year ago, on May 18, 2010, Defendant was released pending trial, provided that he follow the terms of the Stipulated Order of Release Conditions set by this Honorable Court.  Defendant was 19 years-old at that time.

4.  The factors outlined in 18 U.S.C. § 3142(g) militate in favor of less restrictive release conditions, especially given the Defendant's model behavior over the past year.

5.  The Defendant has a young child under the age of two and a fiancee, is working diligently at a nearby farm, and studying to obtain his General Equivalency Diploma.  Stone, Jr. wishes to interact with his young son and fiance in ways currently prevented or severely strained by the conditions of home confinement and electronic monitoring.  These stringent conditions have also restricted Stone, Jr.'s options for child care while he is working, as well as his flexibility in the hours worked.

6.  Stone Jr. turned 21 years-old on May 23, 2011.  He has no prior history of substance abuse.  As a result, the no-alcohol condition is simply unnecessary.

7.  Similarly, the Defendant, having never tested positive for drug use over the last year, wishes to terminate the unnecessary condition of drug-drop testing.

8.  The trial date for this case is currently set for September 13, 2011.

9.  Counsel sought consent from the government pursuant to Local Court Rules. On May 18, 2011, the government agreed to the elimination of the no-alcohol and drug-testing conditions.  However, the government opposes termination of home confinement and electronic monitoring.

Respectfully submitted,

Legal Aid & Defender Association
**FEDERAL DEFENDER OFFICE**

s/Richard M. Helfrick
E-mail: Richard_Helfrick@fd.org

s/Todd A. Shanker
E-mail: Todd_Shanker@fd.org
Counsel for David Stone, Jr.
613 Abbott St., 5th Floor
Detroit, Mi 48226
Dated: June 3, 2011                                                     (313) 967-5542

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                   Case No. 10-20123
v.                                 Honorable Victoria A. Roberts

DAVID STONE, JR., et al.,

        Respondent.
_____/

**BRIEF IN SUPPORT OF**
**STONE JR.'S MOTION FOR MODIFICATION OF BOND CONDITIONS**

## **TABLE OF CONTENTS**

Index Of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement of Controlling Authority.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

Statement of Issue Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

Brief In Support. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

i

## INDEX OF AUTHORITIES

### Supreme Court

*United States v. Salerno*, 481 U.S. 739 (1987) . . . . . . . . . . . . . . . . . . . . . . . . .  iii, 3

### Circuit Courts

*United States v. Alston*, 420 F.2d 176 (D.C. Cir. 1969). . . . . . . . . . . . . . . . . . . . . 13

*United States v. Gebro*, 948 F.2d 1118 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Stone*, 608 F. 3d 939 (6th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985). . . . . . . . . . . . . . . . . . 8

*United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). . . . . . . . . . . . . . . . . 8

### District Courts

*United States v. Gardner*, 523 F.Supp.2d 1025 (N.D. Cal. 2007). . . . . . . . . . . . . . 5

*United States v. Kennedy*, 593 F.Supp.2d 1221 (W.D. Wash. 2008). . . . . . . . . . . . 5

*United States v. Malloy*, 11 F.Supp.2d 583 (D. N.J. 1998). . . . . . . . . . . . . . . . 3, 13

*United States v. Stone*, 2010 U.S. Dist. LEXIS 42834
(E.D. Mich. May 3, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 7, 8, 9, 10, 13

### Federal Statutes

18 U.S.C. § 3142. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5, 6, 7, 8, 9, 12, 14

18 U.S.C. § 3145. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## STATEMENT OF CONTROLLING AUTHORITY

18 U.S.C. § 3142 and *United States v. Salerno*, 481 U.S. 739 (1987) provide the controlling authority for the issue raised in this Motion.

## STATEMENT OF ISSUES PRESENTED

1.      Given that Stone, Jr. has followed all of the stringent conditions of his pretrial release for well-over one year, is not a danger to the public or a flight-risk, and wishes to interact with his two-year-old son and fiancee with greater flexibility, whether the conditions of home confinement and electronic monitoring should be vacated because, as a matter of law, they are no longer the "least restrictive" conditions necessary to assure his court appearance and the safety of the public?

2.      Given that Stone, Jr. recently turned 21 years -old, has not ever exhibited any indication of alcohol or substance abuse, and has submitted to clean drug-tests for over a year, whether the no-alcohol and drug-drop testing conditions should be vacated as no longer necessary?

**BRIEF IN SUPPORT OF DEFENDANT DAVID STONE'S JR.'S MOTION
FOR MODIFICATION OF BOND CONDITIONS**

## I.      STATEMENT OF FACTS

On March 27, 2010, an arrest warrant was executed against the Defendant,

who is charged with Seditious Conspiracy, Conspiracy To Use Weapons of Mass

Destruction, Teaching/Demonstrating Use of Explosive Materials, Carrying a

Firearm During and In Relation to A Crime of Violence and Possession of an

Unregistered Firearm.

A detention hearing was held on these charges on March 31, 2010, before

Magistrate Judge Donald A. Scheer in the Eastern District of Michigan.  The

detention hearing lasted from March 31, 2010 to April 2, 2010, whereupon

Magistrate Judge Scheer ordered the Defendant's detention pending trial.  Det.

Order (Doc. No. 55).

On April 7, 2010, the Defendant filed a Motion for Revocation of Detention

Order pursuant to 18 U.S.C. § 3145(B).  Pursuant to that motion, a bond review

hearing was held on April 27, 2010 and April 28, 2010 before this Honorable

Court.  After reviewing the detention order *de novo*, this Court found that: "(1)

[the Defendant had] met [his] burden to produce evidence in favor of release; and

(2) the Government failed to persuade the Court that [the Defendant] must be held

until trial." *United States v. Stone*, 2010 U.S. Dist. LEXIS 42834 at *6 (E.D.

Mich. May 3, 2010).  In fact, the government agreed to allow the release of Stone,

Jr. with the Stipulated Order of Conditions entered on May 18, 2010, which stated

in relevant part that the Defendant would be: (1) subject to home incarceration

with electronic monitoring via active GPS; (2) prohibited from consuming any

beverage containing alcohol; and (3) subject to drug testing and/or treatment.

For over one year, Stone, Jr. has faithfully followed all the conditions of his

release.  Despite the restrictive conditions, he has worked diligently at a nearby

farm, studied for his General Equivalency Diploma, cared for his infant son and

provided for his family.  Despite twenty months of secret recordings of the

Hutaree made by at least two undercover agents and a confidential informant who

infiltrated the group and gained the trust of its members, the recordings fail to

include a single anti-government or anti-law enforcement utterance from David

Stone, Jr.  This young man has lived in southeastern Michigan his whole life, is

currently raising a family there, and looks forward to vindicating himself on the

charges leveled by the government through the appropriate legal process before

this Honorable Court.    He is not a flight risk or a danger to the public.

## II.    ARGUMENT

The Bail Reform Act, 18 U.S.C. § 3142, governs bond conditions pending

trial.  In the event that release on personal recognizance or upon execution of an
unsecured appearance bond will not reasonably assure either the appearance of the
person as required or the maintenance of public safety, pretrial release may
nevertheless be ordered subject to certain conditions.  18 U.S.C. § 3142(c)(1).

The Supreme Court has stated that the "substantive limitation of the Bail
Clause is that the government's proposed *conditions of release* or detention not be
excessive in light of the perceived evil."  *United States v. Salerno*, 481 U.S. 739,
754 (1987) (emphasis added).  More specifically, a "judicial officer shall order the
pretrial release of the person subject to the *least restrictive further condition*, or
combination of conditions, that such judicial officer determines will reasonably
assure the appearance of the person as required and the safety of any other person
and the community."  18 U.S.C. § 3142(c)(1)(B)(emphasis added); in accord
*United States v. Malloy*, 11 F. Supp. 2d 583, 584 (D. N.J. 1998).  The judge "may
at any time amend the order to... impose different conditions of release."  18
U.S.C. § 3142(c)(3).  "Nothing" in the Bail Reform Act "shall be construed as
modifying or limiting the presumption of innocence."  18 U.S.C. § 3142(j).

In making a determination as to which condition or set of conditions is
necessary to reasonably assure the appearance of the person as required and the
safety of any other person and the community, the Court must also consider the

3

following factors:

> (1) the nature and circumstances of the offense charged, including whether
>
> the offense is a crime of violence, a violation of section 1591, a Federal
>
> crime of terrorism, or involves a minor victim or a controlled substance,
>
> firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
>> (A) the person's character, physical and mental condition, family ties,
>>
>> employment, financial resources, length of residence in the
>>
>> community, community ties, past conduct, history relating to drug or
>>
>> alcohol abuse, criminal history, and record concerning appearance at
>>
>> court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person
>>
>> was on probation, on parole, or on other release pending trial,
>>
>> sentencing, appeal, or completion of sentence for an offense under
>>
>> Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community
>
> that would be posed by the person's release.  18 U.S.C. § 3142(g).

Consideration of these factors is also required when determining whether the

imposed bond conditions remain necessary in this case.

Defendant Stone, Jr. seeks review of several stipulated bond conditions as imposed by the Court on May 18, 2010.  Over the last year plus, Stone, Jr. has established that he poses no risk of flight and/or danger to the community, and as a result, he respectfully requests the removal of the following conditions: (1) home confinement; (2) electronic monitoring; (3) non-consumption of alcohol; and (4) drug drop testing.  Home confinement and electronic monitoring impose a "considerable" and "substantive" deprivation of "liberty."  *United States v. Kennedy*, 593 F.Supp.2d 1221, 1229 (W.D. Wash. 2008); *United States v. Gardner*, 523 F.Supp.2d 1025, 1030 (N.D. Cal. 2007) .  Given the specific facts of this case and the characteristics of this defendant, the above conditions no longer provide "the least restrictive means" to reasonably assure the appearance of Stone, Jr. and ensure the safety of the community as the law requires. *See* 18 U.S.C. § 3142(c)(B).  In other words, these conditions are no longer necessary.

In this case, there was initially a presumption that no condition, or combination of conditions, would reasonably assure both the Defendant's appearance in court as required and the safety of the community.  *See* 18 U.S.C. § 3142(e)(3).  However, upon review of the initial detention order, this Court found that the Defendant rebutted any presumption that no conditions of bond existed

which could reasonably assure the safety of the community, *Stone*, 2010 U.S. Dist. LEXIS 42834 at *40.  The government eventually agreed with this finding, and agreed to release Stone, Jr. under the current set of stipulated bond conditions on May 18, 2010.

As has been amply demonstrated over the last year, David Stone, Jr. is not a danger to the public or a flight risk.  The "least restrictive" necessary conditions of release no longer include home confinement or an electronic tether.  In addition, Stone, Jr. has never once tested positive for an illegal substance.  Drug testing is also unnecessary at this point.  Finally, Stone, Jr. turned 21 years old on May 23rd and has never exhibited any tendency to abuse alcohol.  Given that he was 19 years old when he was first released in this case, the no-alcohol condition was reasonable at that time. At this time, however, it appears unnecessary.  The Government has consented to the removal of the no-alcohol and drug-drop provisions, but opposes modification of the conditions of home confinement and electronic tether.

## A.    18 U.S.C. § 3142(G) FACTORS

As noted at the bond hearing, the 18 U.S.C. § 3142(g) factors support the imposition of release conditions.  The Court thus found it appropriate to release the Defendant, albeit with the understanding that the Defendant would obey the

6

terms of the stated conditions.  In the year since his release, the Defendant has faithfully met the requirements imposed by this Court.

At this point in time, consideration of the stated 18 U.S.C. § 3142(g) factors militate in favor of considering *less restrictive* release conditions than those imposed on May 18, 2010.  This past year has shown both that the weight of the evidence against the Defendant is weaker than it appeared at this point last year, and that the Defendant demonstrably poses no threat to the public safety.  As a result, a change in the terms of Defendant's release conditions would be appropriate and in accord with the terms of the Bail Reform Act.

## 1.  Nature and Circumstances of the Offenses Charged

None of the charges against the Defendant have been dropped in the interim.  As this Court has emphasized previously, the allegations against Stone, Jr. are undoubtedly serious.  *See id*. at *17.

## 2.  Weight of the Evidence

In examining the factors outlined in 18 U.S.C. § 3142(g), the Court found that "the weight of the evidence against the Defendant[], and the potential danger to the community based on the seriousness of the charges, are the most important factors" for consideration.  *Id*. at *18.  The Court noted that "when the weight of the evidence is weak, release on bond should be more favored."  *Id*. at *17.

7

As determined a year ago, the weight of the evidence against the Defendant was weak enough to counsel in favor of release on bond. *Id.* at *32. There have been no meaningful additions to the Government's case against the Defendant despite the fact that discovery has remained ongoing since last year. The passage of time, without a concomitant strengthening of the case against the Defendant, militates in favor of a further relaxation of bond conditions.

Notably, in an opinion regarding the release conditions of several co-defendants in this case, the Sixth Circuit Court of Appeals held that the weight of the evidence in the § 3142 analysis is more appropriately focused on the weight of the evidence of *dangerousness*, as opposed to the weight of evidence of guilt. *United States v. Stone*, 608 F. 3d 939, 948 (6th Cir. 2010). In so holding, the Court of Appeals relied on a Ninth Circuit case which states that: "Of [the 18 U.S.C. § 3142(g)] factors, the weight of the [charged] evidence is the least important" factor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (citing *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir.1986); *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir.1985)).

If this factor is properly determined by focusing more precisely on the evidence of a Defendant's dangerousness, as the Sixth Circuit held, then the argument in favor of less restrictive bond conditions is made all the more strong

with regard to this particular defendant.  First, Stone Jr. was initially adjudged to be no significant threat to the public safety, despite the initial presumption contained in the Bail Reform Act.  Second, the government itself agreed to release Stone, Jr.  Third, in the past year the Defendant has demonstrably proven that he is not a threat to the public safety while under the supervision of Pretrial Services.  Stone, Jr.'s year-plus of honoring the conditions imposed provides a substantial showing of diminished dangerousness that justifies less restrictive bond conditions.  In addition, in examining the factors outlined in 18 U.S.C. § 3142(g), the Court previously noted that "when the weight of the evidence" of dangerousness is weak, release on bond should be more favored."  *Id*. at *17.

As determined a year ago, the weight of the evidence against the Defendant – **both** as to dangerousness and as to substantive evidence of guilt - was weak enough for this Court to order pretrial release.  *Id*. at *32.  Despite the fact that discovery has been extensive and remained ongoing for over a year, and that the government engaged in a rigorous post-arrest investigation into the crimes charged and the defendants involved, there have been no meaningful evidentiary additions or revelations regarding Stone, Jr.'s guilt or dangerousness.   The passage of time and a lengthy investigation, without any concomitant strengthening of the case against the Defendant, counsels in favor of a further relaxation of bond conditions,

9

particularly given Stone, Jr.'s model behavior over the past year.

### 3.  History and Characteristics of the Defendant

The Defendant has both "family ties and ties to [his] respective communities." *Stone*, *Id*. at *32-33.  The Defendant has resided in the home of his fiancee's father, and has assiduously maintained employment and met his family obligations.  Notably, the Defendant has no prior history of physical or mental health problems, alcohol or drug abuse, or criminal activity.  Along with the fact that the Defendant has not once violated his stringent bond conditions since their imposition, this factor weighs in favor of vacating the challenged conditions. As this Court noted in it previous findings,  David Stone, Jr. is described by those who know him as a "respectful," "kindhearted," "responsible," "everything anyone could ask for," a "great father," "very considerate," and a "great asset to the community;" a person who "desire[s] to work and do things right," who "learn[s] from mistakes," and who is "100% trustworthy, honest, sensitive, compassionate, and caring." *Stone*, *Id*. at *33-34.

### 4.  Nature and Seriousness of the Danger to The Community

The Court previously determined that evaluation of the factor regarding "the seriousness of the danger to the community weigh[ed] in favor of release." *Id*. at *32.  In the past year, the Government has not adduced any additional evidence

10

that would lead to a contrary conclusion.  Moreover, the Defendant has

demonstrated that he poses no threat to any individuals, law enforcement or

otherwise, or to the greater community.  In at least one instance where severe

weather conditions resulted in a power outage, the Defendant even went so far as

to utilize an emergency generator in order to maintain power to his electronic

monitoring device.  The Defendant's demonstrated ability to commit to the terms

of his bond conditions establish that he is not a danger to the public, and should

thus be subject to less restrictive release conditions.

### B.     REASONS FOR VACATING THE STATED CONDITIONS

#### 1.  Home Confinement and Electronic Monitoring

It is in the best interests of the Defendant, his family, and the Court that

home confinement with electronic monitoring be dropped.  The significant costs of

electronic monitoring are unnecessary when an individual not a danger. The

Defendant has a young son who is less than two years of age.  The Defendant has

maintained a close relationship with his son since his birth, and has been described

as being a "great father." *Id*. at *34.  Although the Defendant has obeyed the terms

of his release conditions, his ability to expand his relationship with his son and

fianceé has suffered as a result of his home confinement and electronic tether.  In

order to engage in a broader range of activities with his son and fiance, the

Defendant therefore requests that the conditions of home confinement and electronic monitoring be terminated.

Defendant has not once violated his release conditions. In fact, during a lengthy power-outage during an ice-storm in Onsted over the winter, Stone, Jr. was so concerned about the viability of his tether and his obligations to Pre-Trial Services and this Honorable Court, that he and his fiance's father decided to charge the tether with an electric generator. This after he made several concerned phone calls to undersigned counsel as well. Stone, Jr. has presumably been a model supervisee for Pre-Trial Services. Terminating home confinement and removing the electronic tether in this case would not present a danger to the community, as the initial claims regarding Stone, Jr.'s dangerousness have proven erroneous. The government agreed to release Stone, Jr. over a year ago, and the necessity of stringent conditions like home confinement and electronic monitoring has been diminished by his model behavior over the last year plus. Given that consideration of the 18 U.S.C. § 3142(g) factors strongly favor a relaxation of release conditions, the Court should terminate Stone Jr.'s  home confinement and electronic monitoring.

### 2.  Alcohol Prohibition

When the Defendant last came before the Court, he was nineteen years old.

*Id*. at *33.  The Defendant recently turned twenty-one on May 23, 2011.  The Defendant respectfully requests that this court vacate the "no alcohol" provision, as it is simply unnecessary.

There is no evidence that terminating the no-alcohol provision would change any of the 18 U.S.C. § 3142(g) factors.  Defendant has never shown a proclivity to abuse any substance.  The Court has previously noted that, with respect to the concerns outlined in the Bail Reform Act, "[t]he law requires reasonable assurance but does not demand absolute certainty."  *Id*. at *9 (citing *United States v. Alston*, 420 F.2d 176, 178 (D.C. Cir. 1969)).  Given the Defendant's demonstrated lack of substance abuse and his ability to abide by the terms of his release conditions, it can be reasonably assured that removing the "no alcohol" provision will not endanger the community. Moreover, the Government concurs in the termination of this condition. Courts elsewhere have determined that "Pretrial Services' stamp of approval, the Government's lack of an objection, the current bail restrictions and [the Defendant's] faithful compliance with these restrictions" counseled in favor of relaxing a defendant's release conditions. *Malloy*, 11 F. Supp. 2d at 585.

### 3.  Drug Testing

The Defendant has no prior history of substance abuse.  The Defendant has

13

never tested positive in any of the drug tests administered over the past year.  The government has agreed to termination of drug testing, and there is no indication the removal of this condition would change anything in the analysis under § 3142(g).

### 4.  The Abundant And Effective Remaining Conditions of Bond

For over one year, Stone, Jr. has faithfully followed all the conditions of his release.  Despite the restrictive conditions, he has worked diligently at a nearby farm, studied for his General Equivalency Diploma, cared for his infant son and provided for his family.  Stone, Jr. has lived in southeastern Michigan his whole life, is currently raising a family there, and looks forward to vindicating himself on the charges leveled by the government through the appropriate legal process before this Honorable Court. He is not a flight risk or a danger to the public.

Despite twenty months of secret recordings of the Hutaree made by at least two undercover agents and a confidential informant who infiltrated the group and gained the trust of its members, the recordings fail to include a single anti-government or anti-law enforcement utterance from David Stone, Jr.  In sum, the evidence of the crimes charged against Stone, Jr. is threadbare and the evidence of *his* dangerousness in particular is infinitesimal, if it exists at all.

If the conditions requiring home confinement and electronic tether are

14

terminated, Stone, Jr. will continue to abide by all other remaining bond conditions, just as he has for over a year now, which include prohibitions on: possessing, borrowing, or even being near firearms, ammunition, explosives, destructive devices or other dangerous weapons; applying for a passport or a license to carry or purchase a firearm; using any controlled substance without a physician's prescription; having any contact with any co-defendant, witness, convicted felon, militia member, law enforcement or government official without counsel present; participating in any militia activity; and using a police scanner. In addition, Stone, Jr. will continue to faithfully report to Pretrial Services as required, provide phone records to Pre-Trial Services as directed; and submit to random visits by Pretrial Services. See R. 162, Stipulated Order of Conditions of Release, 5/18/10. This abundant set of remaining conditions is beyond sufficient to reasonably assure the defendant's appearance for court and the safety of the public.

**CONCLUSION**

Defendant David Stone, Jr., respectfully requests that this Honorable Court revoke the bond conditions requiring: (1) home confinement; (2) electronic monitoring; (3) non-consumption of alcohol; and (4) drug testing.

Respectfully submitted,

Legal Aid & Defender Association
**FEDERAL DEFENDER OFFICE**[1]

s/Richard M. Helfrick
E-mail: Richard_Helfrick@fd.org

s/Todd A. Shanker
E-mail: Todd_Shanker@fd.org
Counsel for David Stone, Jr.
613 Abbott St., 5th Floor
Detroit, Mi 48226
Dated: June 3, 2011                                    (313) 967-5542

---

[1]     Counsel for Stone, Jr. were ably assisted in the preparation of this Motion and Brief by summer intern Vivian Chang from the University of Michigan School of Law.

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No. 10-20123

v.                           Honorable Victoria A. Roberts

**DAVID STONE, JR.,**

        Respondent.

_____/

## CERTIFICATE OF SERVICE

       I hereby certify that on June 3, 2011, I electronically filed the attached Motion and Brief with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

                       Sheldon N. Light
                       Christopher Graveline
                       Assistant U.S. Attorneys

                       Respectfully submitted,

                       Legal Aid & Defender Association
                       **Federal Defender Office**

                       s/ Todd A. Shanker
                       613 Abbott St., 5th Floor
                       Detroit, MI 48226
                       Phone:  (313) 967-5542