UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DAVID BRIAN STONE, et al.,

    Defendants.
                                      /

CASE NO. 2:10-CR-20123
JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE PAUL J. KOMIVES

OPINION AND ORDER:
(1) DENYING DEFENDANT DAVID STONE, JR.'S MOTION FOR DISCLOSURES AND/OR *IN CAMERA* REVIEW OF GRAND JURY PROCEEDINGS (docket #309) AND RELATED JOINDERS BY OTHER DEFENDANTS (docket # 319, 322, 325, 326, 329); and
(2) DENYING DEFENDANT DAVID STONE, JR.'S MOTION FOR BILL OF PARTICULARS (docket #314) AND RELATED JOINDERS BY OTHER DEFENDANTS (docket #320, 323, 324, 327, 330, 342)

I.     OPINION

A.     *Background*

On March 29, 2010, the Grand Jury returned a multi-count indictment against nine defendants: David Brian Stone, David Brian Stone, Jr., Joshua Matthew Stone, Tina Mae Stone, Joshua John Clough, Michael David Meeks, Thomas William Piatek, Kristopher T. Sickles, and Jacob J. Ward. The Grand Jury returned a First Superseding Indictment on June 2, 2010, and a Second Superceding Indictment on February 10, 2011. In general, the Second Superceding Indictment alleges that defendants are members of the "HUTAREE," characterized as an anti-government organization. Count One of the Indictment charges all nine defendants with seditious conspiracy in violation of 18 U.S.C. § 2384. Count Two charges all nine defendants with conspiracy

1

to use a weapon of mass destruction in violation of 18 U.S.C. § 2332a(a)(2). Count Three charges defendants David Brian Stone and David Brian Stone, Jr., with teaching or demonstrating the use of explosive materials in violation of 18 U.S.C. § 842(p)(2). Counts Four and Five charge all nine defendants with carrying, using, or possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Counts Six and Seven charge two additional § 924(c) counts against all defendants except for defendants Tina Mae Stone and Piatek. Counts Eight and Nine charge defendant David Brian Stone with possession of a machine gun in violation of 18 U.S.C. §§ 922(o), 924(a)(2). Count Ten charges the same against defendant against defendant Joshua Stone, and Counts Twelve and Thirteen charges the same against defendant Clough. Finally, Counts Thirteen through Fifteen charge defendants David Brian Stone, David Brian Stone, Jr., and Joshua Stone, respectively, with possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d), 5871. The Second Superceding Indictment also alleges a claim for criminal forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(G), 924(d); 26 U.S.C. § 5782; and 49 U.S.C. § 80303.

The crux of the case is the seditious conspiracy charge alleged in Count One. In this count, the government charges that defendants "knowingly conspired, confederated, and agreed with each other and with other persons known and unknown to the Grand Jury, to oppose by force the authority of the Government of the United States, and to prevent, hinder, and delay by force the execution of United States law, including federal laws regarding the sale, purchase, receipt, possession, and use of firearms and destructive devices." 2d Superceding Indictment, Count One, ¶ 2 [hereinafter "Indictment"]. The Indictment then alleges the means and methods used by defendants to further the objects of the conspiracy. Specifically, the Indictment alleges that "[t]he HUTAREE's general plan was to commit some violent act to draw the attention of law enforcement

or government officials, in order to prompt a response by law enforcement," such as by killing a law enforcement officer. *Id.*, ¶ 3. The Indictment further alleges that once such a law enforcement response had been provoked, "HUTAREE members would retreat to one of several 'rally points' where the HUTAREE would conduct operations against the government and be prepared to defend in depth with trip-wired and command detonated anti-personnel IEDs [(improvised explosive devices)], ambushes, and prepared fighting positions." *Id.*, ¶ 4. Such a confrontation, the Hutaree believed, "would be a catalyst for a more widespread uprising against the United States Government." *Id.* The Indictment alleges that the "conspirators planned and trained for armed conflict against local, state, and federal law enforcement" through numerous means, including acquiring weapons, engaging in military-style training, planning the execution of a law enforcement officer, obtaining information about and materials for the construction of IEDs, engaging in reconnaissance exercises and planning for the killing of anyone who happened upon their exercises, and attempting to initiate a Hutaree protocol to engage law enforcement in an armed conflict following the arrest of several Hutaree members. *Id.*, ¶ 5. The weapons of mass destruction, explosive device, and § 924(c)(1) charges alleged in Counts Two through Seven are derivative of the seditious conspiracy count alleged in Count One. The remaining firearms charges alleged in Counts Eight through Fifteen arise from the Government's seizure of various weapons during the execution of multiple search warrants in this case.

The matter is currently before the Court on defendant David Brian Stone, Jr.'s motions for disclosure of grand jury proceedings, filed on April 25, 2011, and for a bill of particulars, filed on

April 27, 2011.[1]  Both motions have been joined in by defendants Meeks, Tina Stone, Ward, Matthew Stone, and Piatek, and the motion for a bill of particulars additionally has been joined in by defendant David Brian Stone, Sr.  Only defendant Piatek's joinder adds any further argument.  The Government filed separate responses to the motions on June 23, 2011, and defendant David Brian Stone, Jr., filed separate replies on July 7, 2011.  Defendants Tina Stone, Joshua Stone, and Piatek have filed notices of joinder in defendant's replies; only defendant Piatek's notice provides additional argument.

On May 17, 2011, the Court referred the motions for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).[2]  For the reasons that follow, both motions will be denied.

B. *Defendant's Motion for Disclosure of Grand Jury Proceedings*

Defendant David Stone, Jr., moves for disclosure of the grand jury proceedings relating to Count 14 of the Indictment, which charges him (and only him) with possessing an unregistered short-barreled rifle.  Although Count 14 is alleged only against defendant David Stone, Jr., his motion is joined in by defendants Meeks, Tina Stone, Ward, Joshua Stone, and Piatek.  In his joinder, defendant Piatek explicitly seeks disclosure as it relates to the four charges against him, including the conspiracy and weapons of mass destruction charge alleged against all defendants.  Defendant David Stone, Jr., argues that he is entitled to disclosure, or in the alternative in camera review, because the discovery in this case has failed to point to any evidence showing that he

---

[1]Three motions to suppress filed by defendants are also pending before the Court.  These motions are addressed in a separate Report and Recommendation filed on this date.

[2]Because neither a motion for disclosure of grand jury proceedings nor a motion for a bill of particulars is a prohibited motion listed in § 636(b)(1)(A), or the functional equivalent of such a motion, they are motions within a magistrate judge's power to hear and determine.  *See In re Search of 6783 East Soaring Eagle Way, Scottsdale, Ariz.*, 109 F. Supp. 2d 1162, 1168 (D. Ariz. 2000) (motion for disclosure); *United States v. Johnson*, 225 F. Supp. 2d 982, 988 (N.D. Iowa 2002) (motion for bill of particulars).

possessed the firearm charged in Count 14, and thus there may be grounds for dismissal of this charge of the indictment. Defendant Piatek makes a similar argument with respect to the charges against him.

Federal Rule of Criminal Procedure 6(e) provides detailed provisions for maintaining the secrecy of grand jury proceedings, allowing disclosure of such matters only in carefully defined circumstances. *See* FED. R. CRIM. P. 6(e)(2), (3). As relevant here, the rule provides that "[t]he court may authorize disclosure–at a time, in a manner, and subject to any other conditions that it directs–of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). The rule also provides that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." FED. R. CIV. P. 6(e)(6). Rule 6 codifies "the 'long-established policy that maintains the secrecy of grand jury proceedings in the federal courts.'" *Dennis v. United States*, 384 U.S. 855, 869 (1966) (quoting *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958)). Under the rule, "[t]he burden is on the defense to show that 'a particularized need' exists for the [transcripts] which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959).

Here, defendants have failed to show a particularized need for the grand jury transcripts. They contend that because the evidence produced in discovery to date has failed to provide any evidence showing their guilt on various charges, a ground to dismiss the indictment may exist. However, it is well established that "[a]n indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charges on the merits." *Costello*

*v. United States* 350 U.S. 359, 363 (1956). A court may not pre-try the case, and an indictment is not subject to dismissal on the basis that the evidence supporting the indictment is insufficient or on the basis that the government will not be able to prove its case at trial. *See United States v. Powell*, 823 F.2d 996, 1000-01 (6th Cir. 1987). "Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). "An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *Id.* (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962). Thus, the insufficiency of the evidence supporting the indictment does not provide "a ground . . . to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii); *see United States v. Hanna*, 198 F. Supp. 2d 236, 248 (E.D.N.Y. 2002).

Defendant Brian Stone, Jr., replies that "[a]lthough reference to the *Short* and *Costello* opinions may prove instructive insofar as they may help define the contours of what makes an indictment dismissible, without knowing the content of the grand jury proceedings, it is impossible to determine whether a ground *may* exist as this point." Reply, at 2. This argument, however, is untenable in light of the long-standing rule that a defendant bears the burden of showing a "particularized need" for disclosure, *Pittsburgh Plate Glass*, 360 U.S. at 400-01, a burden that the Supreme Court has repeatedly stressed. *See Illinois v. Abbott & Assocs., Inc.*, 460 U.S. 557, 567 & n.14 (1983) (citing cases). Because a defendant bears this burden, Rule 6(e) "is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred." *United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612, 616 (E.D. Va. 2004); *see also*, *United States v. Rockwell Int'l Corp.*, 173 F.3d

6

757, 760 (10th Cir. 1999); *Lucas v. Turner*, 725 F.2d 1095, 1101 (7th Cir. 1984); *Stanley v. Leibson*, No. 09-12202, 2010 WL 2854310, at *5 (E.D. Mich. July 20, 2010) (Roberts, J.). Contrary to the import of defendants' argument, "[i]t is not sufficient for [Defendants] to assert that [they have] no way of knowing whether prosecutorial misconduct occurred." *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987). Rather, defendants must present "evidence of a 'substantial likelihood of gross or prejudicial irregularities in the conduct of the grand jury.'" *United States v. Cannistraro*, 800 F. Supp. 30, 50–51 (D.N.J.1992) (quoting *United States v. Budzanoski*, 462 F.2d 443, 454 (3rd Cir. 1972)).[3]

Here, defendants argue only that the discovery they have been provided to date does not substantiate some of the charges against them. This alone does not provide a ground on which the indictment may be dismissed, nor does it, without more, suggest any impropriety in the grand jury proceedings which may provide a ground for dismissal. Defendants do not identify any particular defects in the grand jury proceeding itself, nor do they identify any particular claims which disclosure of the grand jury proceedings may provide. In short, defendants "ha[ve] not pointed to anything in the record which might suggest that the prosecution engaged in improper conduct before the grand jury. [Their] claim[] on this point, therefore, amount to nothing more than unsupported speculation, and this is not enough to constitute a 'particularized need.'" *United States v. Edelson*, 581 F.2d 1290, 1291 (7th Cir. 1978); *see also*, *United States v. Short*, 671 F.2d 178, 187 (6th Cir.

---

[3]To be sure, "there is something of a Catch 22 implicit in the rule that the defendant must make a showing that grand jury proceedings were marred by irregularity. Nevertheless–rightly or wrongly–the courts have consistently held that conclusory or speculative allegations of misconduct do not outweigh the presumption of regularity of grand jury proceedings, or the need for secrecy. It is not for a trial court to blaze a new trail around these precedents." *United States v. Santoro*, 647 F. Supp. 153, 173 (E.D.N.Y. 1986) (internal quotations and citations omitted), *rev'd in part on other grounds sub nom. United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988).

1982) ("A general claim . . . that disclosure of grand jury transcripts would reveal exculpatory evidence is not sufficient to satisfy the requirement of showing particularized need."); *Smith v. United States*, 380 F. Supp. 2d 973, 975 (N.D. Ill. 2005); *cf. Pittsburgh Plate Glass*, 360 U.S. at 400-01. Because defendants have failed to demonstrate a particularized need for disclosure or *in camera* review of the grand jury proceedings, their motion will be denied.

C.  *Defendant's Motion for Bill of Particulars*

In his second motion, defendant David Stone, Jr., seeks a bill of particulars pursuant to Rule 7(f) with respect to the conspiracy charge. Defendant David Stone, Jr., argued that Count I of the Indictment, fails to adequately specify what "authority of the Government of the United States" the defendants intended to "oppose by force," and fails to adequately specify which firearms laws the United States was endeavoring to execute and which defendants were attempting to "hinder, and delay by force." Defendant David Stone, Jr., therefore, seeks a bill of particulars specifying these matters. Defendant David Stone, Jr.'s, motion is joined by defendants Meeks, Tina Stone, Ward, Joshua Stone, Piatek, and David Stone, Sr..

Under Rule 7(f), the Court may require the government to file a bill of particulars to clarify the charges in the indictment. As the Sixth Circuit has stated:

> The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976); *see also*, *United States v. Gullett*, 713 F.2d 1203, 1212 (6th Cir. 1983). "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to

preclude a second prosecution. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).

Here, the indictment is sufficiently precise to inform defendants of the charges against them, minimize the danger of unfair surprise, and allow defendants to plead their acquittal or conviction on the charge in the indictment to bar a subsequent prosecution. The indictment specifically charges defendants with conspiring "to oppose by force the authority of the Government of the United States, and to prevent, hinder, and delay by force the execution of United States law, including federal laws regarding the sale, purchase, receipt, possession, and use of firearms and destructive devices." Indictment, Count I, ¶ 2. Were this all the Indictment alleged, defendants' argument might have some force. But the Indictment goes on to provide detailed allegations regarding the means and methods used to further the objects of the conspiracy. Specifically, the Indictment alleges that the Hutaree had a general plan "to commit some violent act to draw the attention of law enforcement or government officials, in order to prompt a response by law enforcement," and that "once violent action had been taken and a response by law enforcement had been provoked, HUTAREE members would retreat to one of several 'rally points' where the HUTAREE would conduct operations against the government and be prepared to defendant in depth with trip-wired and command detonated anti-personnel IEDs, ambushes, and prepared fighting positions." Indictment, Count I, ¶¶ 3-4. The Indictment also alleges that "[t]he conspirators planned and trained for armed conflict against local, state, and federal law enforcement" by engaging in a number of means and methods, and details eight separate means. Indictment, Count I, ¶ 5.

These specific allegations provide defendants with sufficient information to inform them of the nature of the charge, allow them to avoid unfair surprise at trial, and plead the charges as a bar to a subsequent prosecution. As a general matter, a "defendant does not 'need' detailed evidence about the conspiracy in order to prepare for trial. Defendants are not entitled to know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the government intends to adduce to prove their criminal acts." *United States v. Stroop*, 121 F.R.D. 269, 273 (E.D.N.C. 1988); *see also*, *United States v. Minaya*, 395 F. Supp. 2d 28, 36 (S.D.N.Y. 2005); *United States v. Walker*, 922 F. Supp. 732, 739 (N.D.N.Y. 1996) ("[D]etailed evidence of a conspiracy is generally unavailable to defendants through a bill of particulars, and overt acts in furtherance of the conspiracy need not be disclosed."). As another court has explained, "[t]o require specification of the formation of the conspiracy, the place and date of each defendant's entrance into the conspiracy, the substance or a copy of the conspiracy, and specification of the manner in which the conspiracy operated would unduly restrict the government's proof at trial. It is sufficient that an indictment charging conspiracy state the elements of the offense charged." *United States v. Young & Rubicam, Inc.*, 741 F. Supp. 334, 349 (D. Conn. 1990) (internal quotations and citations omitted). Nevertheless, here "the government has alleged specific objectives and listed specific overt acts [that] . . . were allegedly performed, even though requests for a bill of particulars as to such specifics of a conspiracy are routinely denied." *United States v. Hajduk*, 370 F. Supp. 2d 1103, 1112 (D. Colo. 2005). In short, with respect to "the seditious conspiracy charged in Count One, the indictment provides at least as much notice to these defendants as a routine indictment charging a conspiracy to distribute narcotics would give to defendants charged in such an instrument. It informs these defendants of

the character and purpose of the acts they are charged with committing. It includes also . . . overt acts alleged to have been committed by one or more defendants in aid of the conspiracy charged in Count One. This indictment, together with the discovery materials already produced, . . . is enough to avoid unfair surprise at trial and to permit any of these defendants to raise at some future time the defense of double jeopardy." *United States v. Rahman*, No. S3 93 Cr. 181, 1994 WL 533609, at *1 (S.D.N.Y. Sept. 30, 1994). Accordingly, defendants' motion for a bill of particulars will be denied.

II. ORDER

In view of the foregoing, it is ORDERED that defendant David Stone, Jr.'s Motion for Disclosure and/or In Camera Review of Grand Jury proceedings is hereby DENIED. It is further ORDERED that defendant David Stone, Jr.'s Motion for a Bill of Particulars is hereby DENIED. Finally it is ORDERED that all related joinders by the other defendants in these two motions are likewise DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

                                              s/Paul J. Komives
                                              PAUL J. KOMIVES
                                              UNITED STATES MAGISTRATE JUDGE

Dated: August 3, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 3, 2011.

                                              s/Susan Jefferson
                                              Deputy Clerk