UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                   Case No. 10-20123

v.                              Honorable Victoria A. Roberts

DAVID STONE, JR., et al.,

       Defendant.

_____/

**MOTION FOR DISCLOSURE AND PRODUCTION OF
CONFIDENTIAL INFORMANTS**

Defendant, **DAVID STONE, JR.**, by his attorneys, **RICHARD M. HELFRICK** and **TODD A. SHANKER** of the Federal Defender Office, requests that this Honorable Court require the government to disclose and produce the confidential informants who have provided information or will testify at trial against him, and states as follows:

       1.      Defendant was arrested on March 27, 2010.

       2.      He was released on bond on May 18, 2010.

       3.      He was charged by Second Superseding Indictment with Seditious Conspiracy, Conspiracy to Use Weapons of Mass Destruction, Teaching/Demonstrating Use of Explosive Materials, Carrying a Firearm During and In Relation to A Crime of Violence, and Possession of an Unregistered Firearm.

4. Defendant was charged along with eight other defendants.

5. To serve "the ends of justice," the government dismissed the charge of possession of an unregistered firearm against Stone, Jr. on September 27, 2011.

6. The alleged duration of the charged conspiracies is from August of 2008 to March of 2010.

7. Counsel has received thousands of pages of documentation, over a hundred hours of audio recordings, and multiple discs of video recordings. The materials disclose that a confidential human source (CHS) was inserted into the Hutaree Militia in August of 2008. This informant was known at least some defendants as "Dan Murray" and remained active until about a month prior to the arrests in this case. The informant made both audio and video recordings of several Hutaree trainings over a 19 month period. The informant also witnessed and participated in the very acts the government claims were criminal and which led to David Stone, Jr.'s arrest and indictment in the instant case. In fact, the arrests in this case were effectuated by a fake "funeral" for "Dan Murray," which was organized by the undercover agent known to the group as "Steve Clark."

8. In addition, counsel is aware of a second confidential source, referred to as S2 in FBI reports which claimed that the notorious "anti-government conspiracy" theorist Mark Koernke was one of two leaders of the Hutaree and that the group was organized "at the direction" of Koernke. See Attachment #1, FBI

Report, by Leslie S. Larsen, 9/30/2008. This report concludes that "Stone, Koernke, and yet to be identified members of the Hutaree" were "possibly taking steps to conspire" against the government and the case may involve a "possible violation" of 18 U.S.C. §2385 – "Advocating the overthrow of the United States." *Id*.

9. The undersigned believes the government will present the informants (and perhaps other informants) in its case in chief. These witnesses may have impeaching information which should be disclosed to the defense and they also may have received inducements which also should be disclosed.

10. As further explained in the Brief in support of this Motion, the Defendant's right to prepare a defense, and to both due and compulsory process, necessitates the timely production of the confidential informant(s), along with the information detailed below (Brief in Support, p. 6-7, ¶¶A-H), as the informants are potentially exculpatory witnesses as to several of the charges currently levied against the defendant. *Roviaro v. United States*, 353 U.S. 53, 59, 62 (1957).

11. In the alternative, the court could conduct an *in camera* hearing. See, e.g., *United States v. Ordonez*, 722 F.2d 530, 540-541 (9th Cir 1983); *United States v. Rawlinson*, 487 F.2d 5, 7-8 n.4 (9th Cir 1973), cert. denied, 415 U.S. 984 (1974).

12. Three days ago counsel for Stone, Jr. contacted the government and provided a courtesy copy of this Motion. The government has not responded whether it concurs or not.

WHEREFORE, Defendant moves this Court to grant this Motion.

Respectfully Submitted,

Legal Aid & Defender Association
**FEDERAL DEFENDER OFFICE**

s/Richard Helfrick
Email: Richard_Helfrick@fd.org

s/Todd A. Shanker
Email: Todd_Shanker@fd.org
Attorneys for David Stone, Jr.
613 Abbott St, 5th Floor
Detroit, MI 48226
(313) 967-5542

Dated: December 5, 2011

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                            Case No. 10-20123
                            Honorable Victoria A. Roberts

DAVID STONE, JR., et al.,

      Defendant.

_____/

**BRIEF IN SUPPORT OF**
**MOTION FOR DISCLOSURE AND PRODUCTION OF**
**<u>CONFIDENTIAL INFORMANT</u>**

# TABLE OF AUTHORITIES

## Supreme Court

*Benton v. Maryland*, 395 U.S. 784 (1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Giglio v. United States*, 405 U.S. 150 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

*Roviaro v. United States*, 353 U.S. 53, 60-61 (1957). . . . . . . . . . . . . . . . . . . . . . 1

## Circuit Courts

*Callahan v. United States*, 371 F.2d 658 (9th Cir 1967). . . . . . . . . . . . . . . . . . . . 5

*Johnson v. Brewer*, 521 F.2d 55 (6th Cir 1975). . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lopez-Hernandez v. United States*, 394 F.2d 820 (9th Cir 1968). . . . . . . . . . . . . 3

*McLawhorn v. State of North Carolina*, 484 F.2d 1(4th Cir. 1973). . . . . . . . . . . . . 3

*Velarde-Villarreal v. United States*, 354 F.2d 9 (9th Cir 1965). . . . . . . . . . . . . . . 3

*United States v. Anderson*, 509 F.2d 724 (9th Cir 1974),
    *cert. denied*, 420 U.S. 910 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Barnett*, 418 F.2d 309 (6th Cir. 1969). . . . . . . . . . . . . . . . . . . . . 2

*United States v. Bower*, 575 F.2d 499 (5th Cir),
    *cert. denied*, 439 U.S. 983 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Caldwell*, 466 F.2d 611 (9th Cir 1972). . . . . . . . . . . . . . . . . . . . 8

*United States v. Eddings*, 478 F.2d 67 (6th Cir. 1973). . . . . . . . . . . . . . . . . . . . . 3

*United States v. Hart*, 546 F.2d 798 (9th Cir 1976). . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Jenkins*, 4 F.3d 1338 (6th Cir 1993). . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Hernandez*, 608 F.2d 741 (9th Cir 1979). . . . . . . . . . . . . . . . . . . . . 5

*United States v. Ordonez*, 722 F.2d 530 (9th Cir 1983). . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Rawlinson*, 487 F.2d 5 (9th Cir 1973),
   *cert. denied*, 415 U.S. 984 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Silva*, 580 F.2d 144 (5th Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . 3

**District Courts**

*United States v. Yarborough*, 2007 U.S.Dist. LEXIS 23198 (W.D.N.Y. 2007). . . 2

**Constitutional & Statutory Authority**

18 U.S.C. §2385. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. §524(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

U.S. Const. Amends. V, VI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Other Authority**

Alexandra Natapoff, "Snitching: Criminal Informants
and the Erosion of American Justice" (NYU Press 2009). . . . . . . . . . . . . . . . . . 6

Attorney General Guidelines Regarding the Use of
FBI Confidential Human Sources (CHS) (Dec. 13, 2006). . . . . . . . . . . . . . . . . . 7

Department of Justice Guidelines Regarding the
Use of Confidential Informants (Jan. 8, 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Joaquin J. Alemany, "United States Contracts with Informants: An Illusory
Promise?," 33 *U. Miami Inter-Am. L. Rev.* 251 (2002). . . . . . . . . . . . . . . . . . . . 6

Mark Curriden, "The Informant Trap: Secret Threat to Justice,"
17 *Nat'l Law J.* 1 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF CONTROLLING AUTHORITY

*Roviaro v. United States*, 353 U.S. 53 (1957) is the controlling authority for the issue raised in this Motion.

STATEMENT OF ISSUE PRESENTED

Whether the court should enter an order requiring the government to produce its confidential informant, where he witnessed, audio- and video-taped, and participated in alleged crimes that led to defendant's arrest and is a potentially exculpatory witness?

## LAW AND ARGUMENT

**The Confidential Informant Must Be Produced Because He Witnessed, Participated In, and Recorded Allegedly Criminal Acts and May Possess Exculpatory Information.**

It is well established that where an informant's testimony may be "relevant and helpful to the defense of an accused," his identity must be disclosed. The government's qualified privilege to withhold the identity of informants must give way when an informant possesses information that is "relevant and helpful... or is essential to a fair determination of a cause." *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); *United States v. Jenkins*, 4 F.3d 1338, 1340 (6th Cir 1993); *United States v. Barnett*, 418 F.2d 309 (6th Cir. 1969). In this context, the privilege of non-disclosure is limited by both the Sixth Amendment right to prepare a defense and the right to compulsory process. *Id.*, 353 U.S. at 62; *Benton v. Maryland*, 395 U.S. 784 (1969). Disclosure is required "particularly in relation to a potential entrapment defense." *United States v. Yarborough*, 2007 U.S.Dist. LEXIS 23198, *17 (W.D.N.Y. 2007).

Under *Roviaro*, there is no fixed rule with respect to disclosure of a confidential informant, although four considerations are relevant: (1) the crime charged; (2) the possible defenses; (3) the possible significance of the informant's testimony; and (4) other relevant factors. Id. at 62-64. In a case such as this, the

2

testimony of the informant would be vital to the defense. Even where the informant is not called to testify for the government, the defense may call him. *Lopez-Hernandez v. United States*, 394 F.2d 820 (9th Cir 1968); *Velarde-Villarreal v. United States*, 354 F.2d 9 (9th Cir 1965).

When the evidence suggests that it is reasonably probable that the informer can give relevant testimony, the burden shifts to the government to overcome this inference with evidence that the informer cannot supply information material to the defense. *United States v. Eddings*, 478 F.2d 67, 70 (6th Cir. 1973). When the informant is a participant in an incident which results in the arrest of a defendant, a witness to material or relevant events, or otherwise sets up the arrest, the accused has a right to have the informant's identity disclosed. *Roviaro*, *Id*.; *McLawhorn v. State of North Carolina*, 484 F.2d 1, 5 (4th Cir. 1973); *United States v. Silva*, 580 F.2d 144, 147 (5th Cir. 1978).

In this case, the informant participated in training sessions and meetings which the government claims were in furtherance of the charged conspiracies. Counsel has received thousands of pages of documentation, over a hundred hours of audio recordings, and multiple discs of video recordings. The materials disclose that a confidential human source (CHS) was inserted into the Hutaree Militia in August of 2008. This informant was known to at least some defendants

3

as "Dan Murray" and remained active until about a month prior to the arrests in this case.  The informant made both audio and video recordings of several Hutaree trainings over a 19 month period.  The informant witnessed and participated in the very acts the government claims were criminal and which led to David Stone, Jr.'s arrest and indictment in the instant case.  In fact, the arrests in this case were effectuated by a fake "funeral" for "Dan Murray," which was organized by the undercover agent known to the group as "Steve Clark."

In addition, counsel is aware of a second confidential source, referred to as S2 in FBI reports which claimed that the notorious "anti-government conspiracy" theorist Mark Koernke was one of two leaders of the Hutaree and that the group was organized "at the direction" of Koernke.  See Attachment #1, FBI Report, by Leslie S. Larsen, 9/30/2008.  This report concludes that "Stone, Koernke, and yet to be identified members of the Hutaree" were "possibly taking steps to conspire" against the government and the case may involve a "possible violation" of 18 U.S.C. §2385 – "Advocating the overthrow of the United States."  *Id*.

The government's obligation is not fully satisfied by merely disclosing the identity and location of the confidential informants.  Defendant specifically requests that the informants be produced. The government has the duty to produce the informants or to show that, despite reasonable efforts, it was not able to do so.

4

*United States v. Hart*, 546 F.2d 798, 799 (9th Cir 1976).

Defendant should be permitted to interview the informants well in advance of trial. See *United States v. Hernandez*, 608 F.2d 741 (9th Cir 1979); *United States v. Bower*, 575 F.2d 499 (5th Cir), cert. denied, 439 U.S. 983 (1978). In *Callahan v. United States*, 371 F.2d 658 (9th Cir 1967), the court held that both the defense and the prosecution had the right to interview witnesses before trial, and that exceptions to such rules were justifiable only by the clearest and most compelling circumstances. It is beyond dispute that witnesses to an alleged crime are the property of neither the prosecution nor the defense, and that both sides have an equal right – and should have an equal opportunity – to interview them.

This Court has considerable discretion in deciding to hold an *in camera* hearing to determine if the government must release the informant's name and whereabouts to the defense. See, e.g., *United States v. Ordonez*, 722 F.2d 530, 540-541 (9th Cir 1983); *United States v. Rawlinson*, 487 F.2d 5, 7-8 n.4 (9th Cir 1973), *cert. denied*, 415 U.S. 984 (1974). The Rawlinson court held that an *in camera* hearing was an appropriate means for determining whether the informant's identity and testimony would be relevant and helpful to the defense. While the court in *United States v. Anderson*, 509 F.2d 724 (9th Cir 1974), *cert. denied*, 420 U.S. 910 (1975) refused to establish a fixed rule that requires

5

disclosure of an informant's identity when probable cause is at issue, it did approve the holding of an *in camera* hearing to which the defense counsel, but not the defendant, is admitted.

Thus, the identity of the informants should be revealed well in advance of trial, or in the alternative, this court should conduct an *in camera* hearing and allow defense counsel to participate in order to determine whether the informants' testimony would be helpful and material to the defense. Counsel should have the opportunity to interview the government informant sufficiently in advance of trial so that any investigation that may be necessary can be accomplished.

Defendant requests disclosure of impeaching information as to each informant, including:

> A) Criminal history.
>
> B) Records revealing prior misconduct or bad acts attributed to the informant.
>
> C) Any and all consideration, expectation of consideration, or promises of consideration given to the informant.[1]

---

[1] The FBI has a budget constituting millions of dollars for paying informants – in 1993, federal agencies paid informants approximately $100 million. Alexandra Natapoff, "Snitching: Criminal Informants and the Erosion of American Justice" (NYU Press 2009) citing Mark Curriden, "The Informant Trap: Secret Threat to Justice," 17 *Nat'l Law J.* 1 (1995). Informants can also receive up to $500,000 or 25 percent of the take in a seizure of property or cash, whichever is

D) Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the informant.

E) The existence and identification of each occasion on which the informant has testified before the court, grand jury, or other tribunal or body in connection with this or other similar cases. See *Johnson v. Brewer*, 521 F.2d 55 (6th Cir 1975).

F) Any and all records and information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records or information.

G) The names and criminal numbers of any and all other criminal cases, state or federal, in which the informant has been involved either as informant or as defendant.

H) The informant's written authorization agreement.[2]

---

less, through the rules of forfeiture. *Id.* citing 28 U.S.C. §524(c); Joaquin J. Alemany, "United States Contracts with Informants: An Illusory Promise?," 33 *U. Miami Inter-Am. L. Rev.* 251 (2002).

[2] The federal guidelines for the use of informants states that activity which supports "a plan or strategy to commit a federal, state, or local offense" requires advance authorization – in writing and for a specific period of time. Attorney General Guidelines Regarding the Use of FBI Confidential Human Sources, at 30, 34-35 (Dec. 13, 2006)(available at www.fas.org/irp/agency/doj/fbi/chs-guidelines.pdf); Department of Justice Guidelines Regarding the Use of Confidential Informants, at 3-4, 14 (Jan. 8, 2001)(available at www.usdoj.gov/ag/readingroom/ciguidelines.htm).

Stone, Jr. makes these multiple requests because, in order to properly prepare a defense in this matter, it is important that the defense be aware of all information related to the informants' credibility and background. *Giglio v. United States*, 405 U.S. 150 (1972). The inherent unreliability of the testimony of accomplices or government informants underscores the need for complete disclosure of information relating to their credibility. See *United States v. Caldwell*, 466 F.2d 611 (9th Cir 1972).

Most importantly, in the present case, the scales are tipped heavily in favor of disclosure and production, as there appears to be virtually no evidence against the defendant, David Stone, Jr., of the crimes charged in the indictment. There is no evidence that Stone, Jr. ever uttered any anti-government or anti-law enforcement statements, let alone made threats of any sort. He is innocent of all the crimes charged and the government and the informants likely possess evidence that has not been turned over which will be critical to his defense. For all these reasons, if the court were to disallow the timely discovery of background information concerning the confidential informants and a timely pretrial interview with these persons, it would severely hamper the defendant's ability to call them as witnesses at trial and would deprive defendant of a fair trial, the right to present a defense, and the right to the compulsory process of witnesses. U.S. Const. Amends. V, VI.

## CONCLUSION

Defendant David Stone, Jr. respectfully requests that this Honorable Court order the government to produce the confidential informant, and all information requested (p. 6-7, ¶¶A-H), or in the alternative, conduct an *in camera* hearing.

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**

s/ Richard M. Helfrick
E-mail: Richard_Helfrick@fd.org


s/ Todd A. Shanker
E-mail: Todd_Shanker@fd.org
Attorneys for David Stone, Jr.
613 Abbott St., 5th Floor
Detroit, MI 48226
(313) 967-5542

Dated: December 5, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 10-20123
Honorable Victoria A. Roberts

DAVID STONE, JR., et al.,

    Defendant.
_____/

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 5, 2011, I electronically filed the foregoing Motion and Brief with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Sheldon N. Light
Christopher Graveline
Assistant U.S. Attorneys

Respectfully submitted,

Legal Aid & Defender Association
**Federal Defender Office**

s/ Todd A. Shanker
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone:  (313) 967-5542

10