UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      Case No. 10-20123
      Honorable Victoria A. Roberts

DAVID STONE, JR., et al.,

      Defendant.
_____/

## MOTION TO COMPEL DISCLOSURE OF *BRADY* AND *GIGLIO* MATERIAL

Defendant, **DAVID STONE, JR.**, by his attorneys, **RICHARD M. HELFRICK** and **TODD A. SHANKER** of the Federal Defender Office, requests that this Honorable Court require the government to promptly disclose *Brady* and *Giglio* material, and states as follows:

1. Defendant was arrested on March 27, 2010.

2. He was released on bond on May 18, 2010.

3. He was charged by Second Superseding Indictment with Seditious Conspiracy, Conspiracy to Use Weapons of Mass Destruction, Teaching/Demonstrating Use of Explosive Materials, Carrying a Firearm During and In Relation to A Crime of Violence, and Possession of an Unregistered Firearm.

4. Defendant was charged along with eight other defendants.

5. To serve "the ends of justice," the government dismissed the charge of possession of an unregistered firearm against Stone, Jr. on September 27, 2011.

6. The alleged duration of the charged conspiracies and crimes is from August of 2008 to March of 2010.

7. Counsel has received thousands of pages of documentation, over a hundred hours of audio recordings, and multiple discs of video recordings.

8. This case involves numerous witnesses who will be testifying at trial with respect to events encompassing several years. As there are multiple defendants in this case, and numerous witnesses, the information required to be disclosed under *Brady* and *Giglio* is reasonably expected to be voluminous and complex.

9. Defendant has identified several pieces of important, possibly exculpatory evidence that he has not received during the discovery process.

10. The government has a standing obligation to turn over any impeaching or exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972) and their progeny.

11. The government's obligation is also imposed by Fed.R.Crim.P. 16 and

the Eastern District of Michigan Standing Order for Discovery and Inspection and Fixing Motion Cut-Off Date in Criminal Cases, No. 99-AO-003 ("Standing Order on Criminal Discovery"), which require pretrial disclosure of certain information, including Brady material and "documents...material to the preparation of the defendant's defense or [that] are intended for use by the government as evidence in chief at the trial," as well as the substance of expert witness testimony and reports of examinations.

12. Defendant is aware of and/or requests the following items in particular, if they contain favorable information, notwithstanding any other items or material the government is required to produce:

    (a) All 302s related to the numerous post-arrest interviews, proffers, and debriefings of several defendants in this case;

    (b) All 302s related to interviews with Lee Miracle, Louis Vondette, Mike Lackomar, and Matt Savino, or any other member of another militia group, including those conducted in October and/or November of 2008;

    (c) The identity of the author - and the content - of email messages transmitted between a Southeast Michigan Volunteer Militia (SMVM) member and an FBI agent in April of 2008, including

        those in which the SMVM member queries whether he has earned his "'Junior G-Man' badge";

(d)    The warrant affidavit and signed warrant allowing the government to intercept all incoming and outgoing email messages from hutaree@yahoo.com; See *United States v. Warshak*, 631 F.3d 266 (6th Cir. 2010);

(e)    All emails, instant messages, phone calls, text messages or other electronic communication between the confidential informant, the undercover agent, or any other agent and the defendants or any other member or affiliate of the Hutaree; at this time counsel has only received email messages up to August 11, 2009 (other than a select few from January of 2010);

(f)    All emails, phone calls, and any instant, electronic text, or written messages related to this case between the confidential informant or the undercover agent and their superiors or other agents within the Federal Bureau of Investigation and/or ATF and/or any other government agency, including the Department of Justice and U.S. Attorney's Office;

(g)   Any audio or video recordings of any meeting, training or phone call between the confidential informant or the undercover agent and the defendants or any other member or affiliate of the Hutaree that has not been provided, and an explanation for any missing recordings;

(h)   Any audio or video recordings of any meeting or phone call between the confidential informant or the undercover agent and their superiors within the Federal Bureau of Investigation and/or ATF and/or any other government agency;

(i)   Any payment of money, consideration, inducement, or other benefit promised or provided to any defendant or witness, or to his/her family members;

(j)   Any witness's prior bad acts, including acts of dishonesty and any criminal record, including arrests or convictions;

(k)   Any witness's prior testimony at another trial where credibility issues were raised;

(l)   Any cooperation agreements with the government;

(m)   Any past promises or benefits from the government, including recommendations of leniency at sentencing;

5

    (n)    Transcripts of grand jury testimony;

    (o)    Copies of all Facebook and/or MySpace and/or any other social network posts by government agents or informants on the "walls" of Hutaree members and any email or instant messages sent via these social networks;

    (p)    Field notes, diaries, dictations or any similar notations made by the agents as they pertain to this case.

13. Three days ago counsel for Stone, Jr. contacted the government and provided a courtesy copy of this Motion. The government has not responded whether it concurs or not.

WHEREFORE, Defendant moves this Honorable Court to grant this Motion.

Respectfully Submitted,

Legal Aid & Defender Association
**FEDERAL DEFENDER OFFICE**

s/Richard Helfrick
Email:  Richard_Helfrick@fd.org

s/Todd A. Shanker
Email: Todd_Shanker@fd.org
Attorneys for David Stone, Jr.
613 Abbott St, 5th Floor
Detroit, MI 48226
Dated: December 5, 2011          (313) 967-5542

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                Case No. 10-20123
v.                            Honorable Victoria A. Roberts

DAVID STONE, JR., et al.,

        Defendant.
_____/

**BRIEF IN SUPPORT OF**
**MOTION TO COMPEL DISCLOSURE OF**
***BRADY* AND *GIGLIO* MATERIAL**

# TABLE OF AUTHORITIES

## Supreme Court

*Berger v. United States*, 295 U.S. 78 (1935).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Brady v. Maryland*, 373 U.S. 83 (1963). . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 5, 6, 8

*Cone v. Bell*, 129 S.Ct. 1769 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Giglio v. United States*, 405 U.S. 150 (1972). . . . . . . . . . . . . . . . . . . . . . 1, 3, 5, 6, 7, 8

*Kyles v. Whitley*, 514 U.S. 419 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*Napue v. Illinois*, 360 U.S. 264 (1959). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Strickler v. Greene*, 527 U.S. 263 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v Agurs*, 427 U.S. 97 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

## Circuit Courts

*Jamison v. Collins*, 291 F.3d 380 (6th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. Avellino*, 136 F.3d 249 (2nd Cir. 1998). . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Minsky*, 963 F.2d 870 (6th Cir. 1992).. . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Salerno*, 937 F.2d 797 (2nd Cir. 1991).. . . . . . . . . . . . . . . . . . . . . . 7

## District Courts

*St. Germain v. United States*, 2004 U.S. Dist. LEXIS 9784 (S.D.N.Y. 2004). . . . . 3

*United States v. Blalock*, 449 F.Supp. 916 (N.D. Ga. 1978). . . . . . . . . . . . . . . . . . 4

*United States v. Eley*, 335 F.Supp. 353 (N.D. Ga. 1972). . . . . . . . . . . . . . . . . . . . 2

*United States v. Fishel*, 324 F.Supp. 429 (S.D.N.Y. 1971). . . . . . . . . . . . . . . . . . . 4

*United States v. Hart*, 760 F.Supp. 653 (E.D. Mich. 1991). . . . . . . . . . . . . . . . . 6, 7

*United States v. Rios*, 1989 U.S.Dist. LEXIS 976 (N.D.N.Y. 1989). . . . . . . . . . 3, 4

*United States v. Thevis*, 84 F.R.D. 47 (N.D. Ga. 1979). . . . . . . . . . . . . . . . . . . . . 2

**Other Authority**

ABA Standards For Criminal Justice, Prosecutor and Defense Function,
Standard 3-3.11, Disclosure of Evidence by the Prosecutor (3d ed. 1993). . . . . . . 4

David W. Ogden, Deputy Attorney General,
*Memorandum for Department Prosecutors* (Jan. 4, 2010). . . . . . . . . . . . . . . . . . 5, 6

## STATEMENT OF CONTROLLING AUTHORITY

*Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972) are the controlling authorities for the issue raised in this Motion.

## STATEMENT OF ISSUE PRESENTED

Whether the court should enter an order requiring the government to provide *Brady* and *Giglio* material, particularly given the complexity of this case, the number of witnesses, the amount of discovery, and counsel's knowledge that much of the material requested exists but has not been turned over by the government?

## LAW AND ARGUMENT

**The Court Should Enter an Order Requiring the Government to Provide *Brady* and *Giglio* Material, Particularly Given the Complexity of this Case, the Number of Witnesses, the Amount of Discovery, and Counsel's Good Faith-Belief That Much of the Material Requested Exists but Has Not Been Turned over by the Government.**

A prosecutor's failure to both uncover and disclose evidence which is generated by anyone acting on the government's behalf, and which is favorable to the defense, violates due process, without regard to good or bad faith. See *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v Agurs*, 427 U.S. 97 (1976) see also *United States v. Thevis*, 84 F.R.D. 47, 54 (N.D. Ga. 1979) ("while this information will, to a certain extent, disclose the direction of the government's case and the identity of those witnesses, this pretrial discovery of *Brady* impeaching materials is necessary to protect the constitutional rights of the defendants"); *United States v. Eley*, 335 F.Supp. 353, 354, 359 (N.D. Ga. 1972)("the names and addresses of all persons who may have some knowledge of the facts of the present case" must be turned over to the defense). Recently, the United States Supreme Court reaffirmed the government's disclosure requirement under *Brady* stating, "when the State withholds from a criminal defendant evidence that is material to his guilt or punishment, it violates his right to due

process of law in violation of the Fourteenth Amendment." *Cone v. Bell*, 129 S.Ct. 1769, 1782 (2009).

Information coming within the scope of this principle includes not only evidence that is exculpatory, *i.e.*, going to heart of the defendant's guilt or innocence, but also evidence that is useful for impeachment, *i.e.*, having the potential to alter the jury's assessment of the credibility of a significant prosecution witness. *See Giglio v. United States*, 405 U.S. 150, 154-155 (1972); *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *St. Germain v. United States*, 2004 U.S. Dist. LEXIS 9784 (S.D.N.Y. 2004).

"[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). In fact, a prosecutor is *presumed* "to have knowledge of all information gathered in connection with his office's investigation of the case" including evidence known to "others acting on the the government's behalf[.]" *United States v. Avellino*, 136 F.3d 249, 255 (2nd Cir. 1998) *quoting Kyles*, 514 U.S. at 437. Obviously this presumption of knowledge and duty to disclose includes "information in the possession of the law enforcement agenc[ies] investigating the offense." *Jamison v. Collins*, 291 F.3d 380, 385 (6th Cir. 2002); *see United States v. Rios*, 1989 U.S.Dist. LEXIS 976

3

(N.D.N.Y. 1989)(Court orders pretrial disclosure of undercover agent's diary to the extent that it contained material or favorable evidence within the meaning of *Brady*); *United States v. Blalock*, 449 F.Supp. 916 (N.D. Ga. 1978)(granting new trial where prosecutor failed to disclose tape recording that supported testimony of defendants); *United States v. Fishel*, 324 F.Supp. 429 (S.D.N.Y. 1971)(granting pre-trial suppression of existing tape recording where government negligently destroyed the two other tape recordings of the agent's meetings with the defendants).

In *Cone*, the Supreme Court cited favorably the American Bar Association's requirement that the prosecutor provide "timely disclosure to the defense of all evidence or information known... that tends to negate guilt of the accused or mitigates the offense." *Cone*, 129 S.Ct. at 1783 n. 15 citing ABA Standards For Criminal Justice, Prosecutor and Defense Function, Standard 3-3.11, Disclosure of Evidence by the Prosecutor (3d ed. 1993). In accord, the Sixth Circuit has held that the government cannot represent that no *Brady* evidence exists, and then later argue on appeal that it was unreasonable for defense counsel not to have realized that the government was actually withholding the evidence. *Jamison*, 291 F.3d at 388. Given the pitfalls of the failure to produce favorable evidence, a "prudent prosecutor will err on the side of transparency, resolving doubtful questions in

4

favor of disclosure." *Kyles*, 514 U.S. at 437. And as the Supreme Court emphasized, "This is as it should be." *Kyles*, 514 U.S. at 439. After all, "[t]he United States Attorney... is a representative of a sovereignty... whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Id*.; *see also Strickler v. Greene*, 527 U.S. 263, 281 (1999) citing *Berger v. United States*, 295 U.S. 78, 88 (1935).

Just last year, the Department of Justice distributed a memorandum to all department prosecutors providing detailed "guidance... regarding criminal discovery." David W. Ogden, Deputy Attorney General, *Memorandum for Department Prosecutors* (Jan. 4, 2010), available at http://www.justice.gov/dag. The memorandum directs prosecutors to take a methodical and searching approach in meeting *Brady* obligations, including review of the investigative agency files, the files of cooperating witnesses, evidence gathered during the investigation, and "substantive case related communications;" *Giglio* material; and information obtained during witness interviews. The category of "substantive case-related communications" includes those "among prosecutors and/or agents" as well as "between prosecutors and/or agents and witnesses," and "may be memorialized in emails, memoranda, or notes... 'Substantive' communications include factual reports about investigative activity, factual discussions of the relative merits of

5

evidence, factual information obtained during interviews or interactions with witnesses" and "factual issues relating to credibility."  The format in which the information is received is immaterial and may include information received "during a conversation." *Id.*

In his attached Motion (p. 3-5, ¶¶ 12(a)-(p)), the Defendant has identified several pieces of evidence that he is aware exists but have not been provided to him and/or items that he reasonably believes exist.  The case law surrounding *Brady* makes it clear that the thinner the evidence against the defendant, the more likely the *Brady* evidence being withheld by the government amounts to a due process violation. In the present case, the scales are tipped heavily in favor of disclosure, as there appears to be virtually no evidence against the defendant, David Stone, Jr., of the crimes charged in the Indictment.   There is no evidence whatsoever that Stone, Jr. ever uttered any anti-government or anti-law enforcement statements.  He is innocent of all the crimes charged and the government likely possesses evidence that has not been turned over which is "favorable" to his case.

For these reasons, this Honorable Court should order the government to comply with its duties under *Brady* and *Giglio* forthwith.  The government's obligation is not just to turn over the aforementioned evidence; it is to do so "in

6

time for its effective use at trial." *United States v. Hart*, 760 F.Supp. 653, 654 (E.D. Mich. 1991). It is well-settled that discovery must be disclosed at a time when it may allow counsel to meaningfully prepare for trial, particularly in complex, fact-specific cases with alleged multiple conspirators. *See United States v. Minsky*, 963 F.2d 870 (6th Cir. 1992)(quoting with approval the Second Circuit's admonition that "[t]o say that the government satisfied its obligation under *Brady* by informing the defendants of the existence of favorable evidence, while simultaneously ensuring that the defendants could neither obtain nor use the evidence, would be nothing more than a semantic somersault." *United States v. Salerno*, 937 F.2d 797, 807(2nd Cir. 1991)). If the requested information is not disclosed to defendant promptly, his constitutional right to due process, right to present a defense, right to compulsory process, and right to effective assistance of counsel will have been violated, thus causing reversible error under *Brady*. Put simply, the value of exculpatory information is intrinsically related to the defendant's knowledge of it in advance.

## CONCLUSION

Defendant David Stone, Jr. respectfully requests that this Honorable Court order the government to produce the requested information in his attached Motion (p. 3-5, ¶¶ 12(a)-(p)) along with all other material required by *Brady* and *Giglio*.

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**

s/ Richard M. Helfrick
E-mail: Richard_Helfrick@fd.org


s/ Todd A. Shanker
E-mail: Todd_Shanker@fd.org
Attorneys for David Stone, Jr.
613 Abbott St., 5th Floor
Detroit, MI 48226
Dated: December 5, 2011        (313) 967-5542

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Case No. 10-20123
                               Honorable Victoria A. Roberts

DAVID STONE, JR., et al.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

    I hereby certify that on December 5, 2011, I electronically filed the foregoing Motion and Brief with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

        Sheldon N. Light
        Christopher Graveline
        Assistant U.S. Attorneys

        Respectfully submitted,

        Legal Aid & Defender Association
        **Federal Defender Office**

        s/ Todd A. Shanker
        613 Abbott St., 5th Floor
        Detroit, MI 48226
        Phone:  (313) 967-5542