United States District Court
Eastern District of Michigan

United States of America,                             Criminal No. 10-20123

        Plaintiff,                                            Honorable Victoria A. Roberts

vs.

D-1   David Brian Stone,
D-2   David Brian Stone, Jr.,
D-3   Joshua Matthew Stone,
D-4   Tina Mae Stone,
D-5   Joshua John Clough,
D-6   Michael David Meeks,
D-7   Thomas William Piatek,
D-8   Kristopher T. Sickles, and
D-9   Jacob J. Ward,

        Defendants.
_____/

Response to Motion for Disclosure
and Production of Confidential Informants

The United States, in response to the defendant's motion for disclosure and production of confidential informants, states that the motion is without merit and should be denied, as one of the two confidential informants will be produced for testimony and cross-examination at trial, and the other has no material information that would support identification under the *Roviaro* privilege. In support of this response the government states:

1. One confidential informant is identified in defendant's motion as S1, and was known to the defendants as "Dan Murray" during his interactions with the defendants and the Hutaree.

2. The defendants have been provided with ample materials regarding the

-1-

interactions between S1 and the Hutaree, including hours of tape recordings, transcripts of those recordings, interviews relating to those interactions, and materials obtained from the defendants. These materials give the defendants abundant relevant information from which to work.

3. S1 will testify at trial, and any potential *Giglio* material will be turned over, or provided to the court for *in camera* inspection, on or before January 16, 2012. This is all that is required under the law of this circuit regarding the pretrial identification or production of a testifying informant. *United States v. Perkins*, 994 F.2d 1184 (6th Cir. 1993).

4. Further, government counsel represent to the court that S1 has affirmatively stated that he does not wish to meet with or be interviewed by defendants or their counsel. Accordingly, this wish should be respected, and, as with any other witness, defendants should be limited to their right to confront and cross-examine the witness at trial.

5. S2 provided only a snippet of information, regarding the participation of an individual not named in this indictment in Hutaree training prior to the conspiracy charged here. Defendants have failed to meet their burden under *Roviaro* of showing how testimony from this informant might substantively assist in his defense.

For these reasons, and as further stated in the brief in support of this

response, the defendant's motion should be denied.

                                                  Respectfully submitted,

                                                  BARBARA L. McQUADE
                                                  United States Attorney

                                                  *s/ Sheldon N. Light*
                                                  SHELDON N. LIGHT (P28798)
                                                  CHRISTOPHER GRAVELINE (P69515)
                                                  Assistant U.S. Attorneys
                                                  211 West Fort Street, Suite 2001
                                                  Detroit, Michigan 48226
                                                  (313) 226-9732
                                                  sheldon.light@usdoj.gov
                                                  christopher.graveline2@usdoj.gov

Dated: December 19, 2011

United States District Court
Eastern District of Michigan

United States of America,　　　　　　　　Criminal No. 10-20123

　　　　　Plaintiff,　　　　　　　　　　Honorable Victoria A. Roberts

vs.

D-1　David Brian Stone,
D-2　David Brian Stone, Jr.,
D-3　Joshua Matthew Stone,
D-4　Tina Mae Stone,
D-5　Joshua John Clough,
D-6　Michael David Meeks,
D-7　Thomas William Piatek,
D-8　Kristopher T. Sickles, and
D-9　Jacob J. Ward,

　　　　　Defendants.
_____/

Brief in Support of
Response to Motion for Disclosure
and Production of Confidential Informants

-1-

Table of Authorities

*Roviaro v. United States*, 353 U.S. 53 (1957)............................... 5

*United States v. Moore*, 954 F.2d 379 (6th Cir. 1992)....................... 5

*United States v. Perkins*, 994 F.2d 1184 (6th Cir. 1993)................... 3, 4

*United States v. Sharp*, 778 F.2d 1182 (6th Cir. 1985)...................... 6

*United States v. Straughter*, 950 F.2d 1223 (6th Cir. 1991)................. 6

Statement of Issue Presented

Whether the government should be required to identify or produce a confidential informant, where: (1) one informant will testify and be cross-examined at trial, and has expressed that he does not wish to meet or be interviewed by the defense, and (2) a second informant has no material information that would be of assistance to the defense.

Controlling / Most Appropriate Authority

*Roviaro v. United States*, 353 U.S. 53 (1957)

*United States v. Perkins*, 994 F.2d 1184 (6th Cir. 1993)

Introduction

Defendant David Stone, Jr., has filed a Motion for Disclosure and Production of Confidential Informants (Docket Entry 479, page i.d. 3240 *et seq*.) The motion has been concurred in by all defendants but Clough and Sickles. The motion seeks an order requiring "the government to disclose and produce the confidential informants who have provided information or will testify at trial[.]" Defendants' Motion, page i.d. 3240. The motion and the attachments to it refer to two

confidential informants, S1 and S2.

S1 will be a witness at trial, and the government will provide all required identifying and impeaching materials related to S1 in time for their effective use at trial. Thus, discovery related to S1 is treated in the same manner as that of any other trial witness, regardless of the fact that S1 was at one time a confidential informant. *United States v. Perkins*, 994 F.2d 1184, 1190-1191 (6th Cir. 1993).

S2 was a confidential informant who provided a small amount of background information to the FBI at the commencement of the investigation. S2 will not be a witness, and appears to lack knowledge of any facts material to this case. Because Defendants have failed to carry their burden of demonstrating that S2's testimony would be material and helpful to the defense, the motion should be denied as to S2.

Argument

I.   S1 Will Testify and be Identified at Trial, and Any Impeaching *Giglio* Material Will Be Provided in Advance of Trial. Where S1 Does Not Consent to a Pretrial Interview by the Defense, the Government is Under No Obligation to Produce Him/Her

S1 is the confidential informant who was identified to the defendants as "Dan Murray" during the course of his dealings with the Hutaree. The defendants have already been provided with abundant information regarding these dealings and interactions, including recordings of the numerous in-person and telephonic contacts between S1 and the defendants, and numerous reports and interviews relating to those contacts. Thus defendants already have a comprehensive picture of the relevant information regarding S1's information and potential testimony, from

which to formulate their defense. In addition, the government will provide any potential impeaching information under *Giglio*, or will submit it to the court for *in camera* inspection, on or before January 16, 2012, the date on which we have committed to provide all Jencks and *Giglio* material.

The defendant seeks more than this, and more than he is entitled to, by requesting that the government identify and "produce" S1 for interview prior to trial. The law in this circuit does not require such production.[1] In *United States v. Perkins*, 994 F.2d 1184 (6th Cir. 1993) the defendant, sought, through a bill of particulars, the pretrial disclosure of an informant's identity, where the informant was later identified by the government and produced for testimony and cross-examination at trial. The Sixth Circuit held that no more was required: where the informant testified and was cross-examined at trial, she was to be treated the same as any other witness, and did not have to be identified (or, of course, produced) by the government prior to trial. *Id*. at 1190-91.

The defendant seems to have confused the situation with S1, who will be a witness, with that involving an informant who will **not** be produced at trial. In the latter situation there may be circumstances that require an *in camera* hearing, for the court to determine whether the non-testifying informant should be identified. But, as in *Perkins*, that is not to be the case with S1.

Moreover, with regard to the wish of the defendants to interview S1 prior to

---

1    Case law from other circuits, cited in the defendant's brief, does not override the law in this circuit.

trial, whether to consent to such an interview is the prerogative of the witness. Government counsel represent here to the court that S1 has advised that he has no wish to meet or be interviewed by defense counsel prior to trial. That preference should be respected.

> II. Defendants Have Failed to Demonstrate That S2's Testimony Would Be Material and Helpful to the Defense, and Thus Have Failed to Overcome the Qualified Informer's Privilege

In *Roviaro v. United States*, 353 U.S. 53, 59 (1957), the Supreme Court recognized a qualified governmental privilege to withhold the identity of confidential informants. It explained:

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

*Id*. The privilege, however, is not absolute. Rather, it involves balancing the public's interest in preventing disclosure against a defendant's right to prepare his defense. *Id.*, 353 U.S. at 62. Thus, it "depend[s] on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id*. In seeking disclosure, the burden is on the defendant "to show how disclosure of the informant would substantively assist his defense." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992) (citation omitted). If it is shown "that an informer's

testimony would not be helpful to the defense, then the *Roviaro* test balances in favor of nondisclosure." *United States v. Straughter*, 950 F.2d 1223, 1232 (6th Cir. 1991).

In the present case, the only information defendant has provided about S2 is that in May 2008, S2 reported that an individual who is not charged in the present indictment was participating in weapons training with the Hutaree at a particular location. See Page i.d. 3267. The May 2008 date precedes the conspiracy charged in the instant indictment. Because the snippet of information provided by S2 does not relate to any of the defendants or activities at issue in the instant indictment, defendants have failed "to show how disclosure of the informant would substantively assist" their defense. *Moore*, 954 F.2d at 381. As such, it is "mere speculation" as to whether or how S2's testimony could assist defendants, which is insufficient to overcome the privilege. *United States v. Sharp*, 778 F.2d 1182, 1186 (6th Cir. 1985). Consequently, the motion should be denied as to S2.

## Conclusion

For the reasons stated, the Court should deny the motion as to S1 and S2,

and should treat S1 as it would any other trial witness.

                                        Respectfully submitted,

                                        BARBARA L. McQUADE
                                        United States Attorney

                                        *s/ Sheldon N. Light*
                                        SHELDON N. LIGHT (P28798)
                                        CHRISTOPHER GRAVELINE (P69515)
                                        Assistant U.S. Attorneys
                                        211 West Fort Street, Suite 2001
                                        Detroit, Michigan 48226
                                        (313) 226-9732
                                        sheldon.light@usdoj.gov
                                        christopher.graveline2@usdoj.gov

Dated: December 19, 2011

Certificate of Service

I hereby certify that on December 19, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Richard Helfrick, Esq.
Michael Rataj, Esq.
Randall Roberts, Esq.
Mark Satawa, Esq.
Henry Scharg, Esq.
Christopher Seikaly, Esq.
Todd A. Shanker, Esq.
William Swor, Esq.
James Thomas, Esq.
Arthur Weiss, Esq.

s/ Sheldon N. Light
SHELDON N. LIGHT (P28798)
Assistant U.S. Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226-2311
313.226.9732
sheldon.light@usdoj.gov

-8-