UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

    Plaintiff,

v.                                Case No. 10-20123
                                    Honorable Victoria A. Roberts

DAVID STONE, JR., et al.,

    Respondent.
_____/

**Motion To Instruct the Jury re:**
**The *Brandenburg*/Imminence Standard**
**Pursuant to First Amendment**

    Defendant, **DAVID STONE, JR.**, by his attorneys, **RICHARD M. HELFRICK** and **TODD A. SHANKER** of the Federal Defender Office moves this Honorable Court to instruct the jury regarding the First Amendment standard that expression is protected unless both the intent of the speaker and the tendency of his words is to produce or incite an imminent lawless act, as articulated *Brandenburg v. Ohio*, 395 U.S. 444, 449 (1969). Defendant files a supporting Brief and states:

    1.    Defendant was arrested on March 27, 2010, in connection with an Indictment charging him (and eight others) with Seditious Conspiracy, Conspiracy To Use Weapons of Mass Destruction and other charges.

    2.    He has been free on bond since May 18, 2010.

    3.    On February 10, 2011, a Second Superseding Indictment charged David Stone, Jr. with Seditious Conspiracy, Conspiracy to Use Weapons of Mass Destruction,

Teaching and Demonstrating Use of Explosives, two counts of Carrying a Firearm During and In Relation To a Crime of Violence, two counts of Possessing a Firearm in Furtherance of a Crime of Violence, and Possession of an Unregistered Firearm. The eight other defendants were similarly charged.

4. To serve "the ends of justice," the government dismissed the charge of possession of an unregistered firearm against Stone, Jr. on September 27, 2011.

5. The alleged duration of the charged conspiracies is from August of 2008 to March of 2010.

6. "Statutes affecting the right of assembly, like those touching on freedom of speech, must observe the established distinctions between mere advocacy and incitement to imminent lawless action." *Brandenburg v. Ohio*, 395 U.S. 444, 449, n. 4 (1969). As Justice Louis Brandeis stated in his concurring opinion in *Whitney*, which provided the substantive basis for the *Brandenburg* opinion: "Whenever the fundamental rights of free speech and assembly are alleged to have been invaded, it must remain open to a defendant to present the issue whether there actually did exist at the time a clear danger; whether the danger, if any, was imminent; and whether the evil apprehended was one so substantial as to justify the stringent restriction interposed by the legislature... In order to support a finding of clear and present danger, it must be shown that immediate serious violence was to be expected[.]" *Whitney v. California*, 274 U.S. 357, 378-379 (1927), J. Brandeis, concurring.

7. The Supreme Court has stated that "[a]s a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States,* 485 U.S. 58, 63 (1988).

8. While the Court has previously ruled that the Indictment should not be dismissed based on First Amendment grounds, *at trial*, defendants should be entitled to have the jury instructed regarding the First Amendment right to freedom of expression and association, as well as the *Brandenburg* standard: namely "that the expression was protected unless both the intent of the speaker and the tendency of his words was to produce or incite an imminent lawless act." *United States v. Freeman*, 761 F.2d 549, 552 (9th Cir. 1985) *cert. denied* 476 U.S. 1120 (1986); in accord *United States v. White*, 610 F.3d 956, 962 (7th Cir. 2010)(Declining to dismiss indictment, but emphasizing that "the First Amendment may still have a role to play at trial... the court may decide to instruct the jury on the difference between solicitation and advocacy, and the legal requirements imposed by the First Amendment" pursuant to *Brandenburg*); *United States v. Dahlstrom*, 713 F.2d 1423, 1428 (9th Cir. 1983) *cert. denied* 466 U.S. 980 (1984); *see also United States v. White*, No. 08-0851, 4/8/11, R. 163, Tr. p. 201-203 (N.D. Ill. 2011)(*Brandenburg* instruction given to jury in solicitation to commit crime of violence case).

9. Counsel has contacted the government regarding this Motion. The

government does not concur.

WHEREFORE, Defendant moves this Honorable Court to instruct the jury in accord with the First Amendment and *Brandenburg*.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | Legal Aid & Defender Association<br>**FEDERAL DEFENDER OFFICE** |
|  | s/Richard Helfrick<br>E-Mail: Richard_Helfrick@fd.org |
|  | s/Todd A. Shanker<br>E-Mail: Todd_Shanker@fd.org<br>Counsel for David Stone, Jr.<br>613 Abbott St, 5th Floor<br>Detroit, MI 48226 |
| Dated: January 5, 2012 | (313) 967-5542 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

       Plaintiff,

                                Case No. 10-20123

v.                              Honorable Victoria A. Roberts

DAVID STONE, JR., et al.,

       Respondent.

_____/

**Brief in Support of
Motion To Instruct the Jury re:
The *Brandenburg*/Imminence Standard
<u>Pursuant to First Amendment</u>**

# TABLE OF AUTHORITIES

**Supreme Court**

*Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Brandenburg v. Ohio*, 395 U.S. 444 (1969).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 5, 6

*Mathews v. United States,* 485 U.S. 58 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*Whitney v. California*, 274 U.S. 357 (1927). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

**Circuit Courts**

*United States v. Dahlstrom*, 713 F.2d 1423 (9th Cir. 1983)
    *cert. denied* 466 U.S. 980 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*United States v. Freeman,* 761 F.2d 549 (9th Cir.1985)
    *cert. denied* 476 U.S. 1120 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 5, 6

*United States v. White*, 610 F.3d 956 (7th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 5

**District Courts**

*United States v. White*, No. 08-0851 (N.D. Ill. 2011). . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

**Constitutional Authority**

U.S. Const., Amend. I. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

U.S. Const., Amend. V. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Statutory Authority**

18 U.S.C. §2384.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C §2385. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATEMENT OF CONTROLLING AUTHORITY

*Brandenburg v. Ohio*, 395 U.S. 444, 449 (1969), *Mathews v. United States,* 485 U.S. 58, 63 (1988), *United States v. Freeman*, 761 F.2d 549, 552 (9th Cir. 1985) *cert. denied* 476 U.S. 1120 (1986), and *United States v. White*, 610 F.3d 956, 962 (7th Cir. 2010) provide the controlling authority for the issue raised in this Motion.

## STATEMENT OF ISSUE PRESENTED

Given that the government investigated the defendants for an "advocacy" crime, the Indictment includes the fact that the defendants engaged in "advocacy," and that defendants are "entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in [their] favor," whether the jury should be instructed that expression is protected unless both the intent of the speaker and the tendency of his words is to produce or incite an imminent lawless act, as articulated in the seminal First Amendment case *Brandenburg v. Ohio*, 395 U.S. 444, 449 (1969)?

1

## Law And Argument

The FBI investigated the Hutaree Militia for "advocating the overthrow of the United States" pursuant to "18 U.S.C §2385." FBI Investigation Report, Leslie S. Larsen, 9/30/2008, p. 11. The government chose to charge the defendants with "seditious conspiracy" under 18 U.S.C. §2384. While the line between advocacy and conspiracy was crossed in the charging decision, this does not and cannot eviscerate the defendant's rights to freedom of expression and the right to present a defense. U.S. Const. Amends. I, V. To be sure, the Second Superseding Indictment includes the fact that the group engaged in protected advocacy along with their allegedly illegal objectives. R. 293, Second Superseding Indictment, ¶6. In sum, a primary issue at trial will be whether the defendants statements were mere advocacy and/or hyperbole or whether they provide proof of an agreement to use illegal force against the United States government.

The Supreme Court has stated that "[a]s a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States,* 485 U.S. 58, 63 (1988). The Ninth Circuit found that "[w]here there is some evidence ... that the purpose of the speaker or the tendency of his words are directed to ideas or consequences remote from the commission of the criminal act, a defense based on the First Amendment is a legitimate matter for the jury's consideration." *United States v. Freeman,* 761 F.2d 549, 551 (9th Cir.1985) *cert. denied* 476 U.S. 1120 (1986); in accord *United States v.*

*White*, 610 F.3d 956, 962 (7th Cir. 2010)(Declining to dismiss indictment, but emphasizing that "the First Amendment may still have a role to play at trial... the court may decide to instruct the jury on the difference between solicitation and advocacy, and the legal requirements imposed by the First Amendment" pursuant to *Brandenburg*); *United States v. Dahlstrom*, 713 F.2d 1423, 1428 (9th Cir. 1983) *cert. denied* 466 U.S. 980 (1984).

The *Freeman* decision established, as a threshold for a First Amendment jury instruction, that there be "some evidence" that the defendant's purpose or the likely effect of his words "was remote" from the commission of the crime. *Id.* at 552. Once this evidence is established, the defendant is entitled to have the jury instructed pursuant to *Brandenburg*: namely "that the expression was protected unless both the intent of the speaker and the tendency of his words was to produce or incite an imminent lawless act." *Freeman*, 761 F.2d at 552; *Dahlstrom*, 713 F.2d at 1428.

Similarly, in the above-mentioned *White* case, the defendant was charged with solicitation to commit a crime of violence.[1] His defense was that his speech constituted advocacy and hyperbole. On remand from the Seventh Circuit, the district court

---

[1] In the case at bar, this Court adopted the Magistrate's Report and Recommendation denying defendant's Motion to Dismiss. The R&R noted that *Brandenburg* could not be used to dismiss an otherwise proper Indictment charging "attempt, incitement, solicitation, or conspiracy." R. 269, R&R, 1/12/11, p. 19, n. 4 citing *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 253 (2002). As *Freeman* and *White* make clear, however, whether or not a defendant is entitled to a jury instruction under *Brandenburg* in such cases is a different issue altogether.

instructed the jury as follows: "Speech is protected unless both the intent of the speaker and the tendency of his words was to produce or incite an imminent lawless act." *United States v. White*, No. 08-0851, 4/8/11, R. 163, Tr. p. 201-203 (N.D. Ill. 2011).

The defendants are entitled to an instruction on their theory of defense at trial, and one such theory will be that any speech was, in it is worst light, protected advocacy or hyperbole under the First Amendment. David Stone, Jr., in particular, has uttered no anti-government or anti-police statements. As such, Stone, Jr. will be arguing that his mere association with the Hutaree Militia and others who did make such statements, cannot form a basis to convict him of the charged conspiracies.

"Statutes affecting the right of assembly, like those touching on freedom of speech" must be applied to "observe the established distinctions between mere advocacy and incitement to imminent lawless action." *Brandenburg v. Ohio*, 395 U.S. 444, 449, n. 4 (1969). As Justice Louis Brandeis stated in his concurring opinion in *Whitney*, which provided the substantive basis for the *Brandenburg* opinion: "Whenever the fundamental rights of free speech and assembly are alleged to have been invaded, it must remain open to a defendant to present the issue whether there actually did exist at the time a clear danger; whether the danger, if any, was imminent; and whether the evil apprehended was one so substantial as to justify the stringent restriction interposed by the legislature... In order to support a finding of clear and present danger, it must be shown that immediate serious violence was to be expected[.]" *Whitney v. California*, 274 U.S. 357, 378-379

(1927), J. Brandeis, concurring.

At trial, the defendants will "present the issue whether there actually did exist at the time a clear danger; [and] whether the danger, if any, was imminent." *Id*. The government, of course, will argue that circumstantial evidence indicates that the words of certain defendants provide proof that a conspiracy existed. While the Court has ruled that the Indictment should not be dismissed based on First Amendment grounds, *at trial*, the defendants should be entitled to have the jury instructed regarding the First Amendment right to freedom of expression and association, as well as the *Brandenburg* standard: namely "that the expression was protected unless both the intent of the speaker and the tendency of his words was to produce or incite an imminent lawless act." *Freeman*, 761 F.2d at 552; *White*, 610 F.3d at 962; *Dahlstrom*, 713 F.2d at 1428; see also *United States v. White*, No. 08-0851, Tr. 4/8/11, R. 163, p. 201-203 (N.D. Ill. 2011).

**Conclusion**

For all these reasons, David Stone, Jr. respectfully requests that this Honorable Court instruct the jury regarding the First Amendment right to freedom of expression and association, as well as the *Brandenburg* standard: "that the expression was protected unless both the intent of the speaker and the tendency of his words was to produce or incite an imminent lawless act." *United States v. Freeman*, 761 F.2d 549, 552 (9th Cir. 1985); *United States v. White*, No. 08-0851, Tr. 4/8/11, R. 163, p. 201-203 (N.D. Ill. 2011).

        Respectfully submitted,

        Legal Aid & Defender Association
        **FEDERAL DEFENDER OFFICE**

        s/ Richard M. Helfrick
        E-mail: Richard_Helfrick@fd.org

        s/ Todd A. Shanker
        E-mail: Todd_Shanker@fd.org
        Counsel for David Stone, Jr.
        613 Abbott St., 5th Floor
        Detroit, MI 48226
        (313) 967-5542

Dated: January 5, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                              Case No. 10-20123
                              Honorable Victoria A. Roberts

DAVID STONE, JR., et al.,

      Respondent.
_____/

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 5, 2012, I electronically filed the foregoing Motion and Brief with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

                              Sheldon N. Light
                              Christopher Graveline
                              Assistant U.S. Attorneys

                              Respectfully submitted,

                              Legal Aid & Defender Association
                              **Federal Defender Office**

                              <u>s/ Todd A. Shanker</u>
                              613 Abbott St., 5th Floor
                              Detroit, MI 48226
                              Phone: (313) 967-5542