United States District Court
Eastern District of Michigan

| | |
|---|---|
| United States of America, | Criminal No. 10-20123 |
| Plaintiff, | Honorable Victoria A. Roberts |
| vs. | |

D-1   David Brian Stone,
D-2   David Brian Stone, Jr.,
D-3   Joshua Matthew Stone,
D-4   Tina Mae Stone,
D-6   Michael David Meeks,
D-7   Thomas William Piatek, and
D-8   Kristopher T. Sickles,

        Defendants.

## Trial Memorandum
## Regarding Repetitious Cross Examination

The United States requests that cross-examination be controlled by limiting repetitious cross-examinations of government witnesses, including repetition by one defense counsel of matters already covered in the examination by other defense counsel.

Fed.R.Evid. provides in part that:

> **(a) Control by the court; Purposes.** The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
>     (1) make those procedures effective for determining the truth;
>     (2) avoid wasting time; and
>     (3) protect witnesses from harassment or undue embarrassment.

The Sixth Circuit has stated that the district court has wide discretion with regard to curtailing a criminal defendant's repetitive cross-examination of a government witness. *United States v. Slone*, 833 F.2d 595, 600 (6th Cir. 1987). "[S]ince the extent of cross-examination is within the trial judge's sound discretion, the judge may reasonably determine when a subject is exhausted." *Id*. at 601, *citing United States v. Touchstone*, 726 F.2d 1116, 1122 (6th Cir. 1984); *accord*, *United States v. Davis*, 2010 WL 114196 at **3 (6th Cir. 2010).

Thus the court may appropriately control repetitious cross-examination where a subject matter has been exhausted. *United States v. Praetorius*, 622 F.2d 1054, 1061 (2d Cir. 1979); *United States v. Caudle*, 606 F.2d 451, 458 (4th Cir. 1979); *United States v. Markham*, 537 F.2d 187 (5th Cir. 1976).

This principle extends to repetition by counsel of a cross-examination subject that has previously been exhausted by counsel for a codefendant. Thus in *United States v. Praetorius*, *supra*, counsel for one defendant began his cross-examination with a subject matter that had been previously covered by another defendant's lawyer. The district court stopped the inquiry, saying "Don't go through it again, please. We have been through that one once." The court of appeals found that this was not an abuse of discretion. 622 F.2d at 1061. *Accord*, *United States v. Miller*, 463 F.2d 600, 601 (1st Cir. 1972):

> At various times throughout the trial as many as six defense attorneys participated in the cross-examination of individual prosecution witnesses. In order to curb repetitive questioning the district court instructed that

2

> once a topic had been pursued on cross-examination, repetitive questioning on the same subject would not be permitted.
>
> \* \* \*
>
> The trial was handled both judiciously and expeditiously, and the curb on needless repetition was well within the court's discretion.

*Id*. at 601-02.

The court has the discretion to control cross-examination to prevent it from unduly burdening the record with cumulative or irrelevant material and to limit it to avoid extensive and time-wasting exploration of collateral matters. *United States v. Weines*, 578 F.2d 757, 766 (9th Cir. 1978).

Thus we request this court to exercise is discretion to limit repetitive cross-examination in accordance with these principles.

                                            Respectfully submitted,

                                            BARBARA L. McQUADE
                                            United States Attorney

                                            *s/ Sheldon N. Light*
                                            SHELDON N. LIGHT (P28798)
                                            CHRISTOPHER GRAVELINE (P69515)
                                            Assistant U.S. Attorneys
                                            211 West Fort Street, Suite 2001
                                            Detroit, Michigan 48226
                                            (313) 226-9732
                                            sheldon.light@usdoj.gov
                                            christopher.graveline2@usdoj.gov

Dated: February 26, 2012

## Certificate of Service

  I hereby certify that on February 26, 2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Richard Helfrick, Esq.
Michael Rataj, Esq.
Randall Roberts, Esq.
Mark Satawa, Esq.
Henry Scharg, Esq.
Christopher Seikaly, Esq.
Todd A. Shanker, Esq.
William Swor, Esq.
James Thomas, Esq.
Arthur Weiss, Esq.

                s/ Sheldon N. Light
                SHELDON N. LIGHT (P28798)
                Assistant U.S. Attorney