UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.

**D-1  DAVID BRIAN STONE, et al.**

      **Defendants.**

      _____/

CRIMINAL NO. 2:10-cr-20123

HON. VICTORIA A. ROBERTS

### DAVID BRIAN STONE'S MOTION TO COMPEL DISCLOSURE OF BRADY MATERIAL RELATING TO WITNESS STEPHEN HAUG

NOW COMES DAVID BRIAN STONE, and moves this Honorable Court to enter an order compelling the government to disclose certain material relating to witness Stephen Haug, showing as follows:

1. The witness Stephen Haug is presently testifying on direct examination by the government.

2. During his testimony Mr. Haug disclosed for the first time that in preparation for his involvement in this case, he attended an Undercover Certification School conducted by the FBI.

3. Further, reviewing the emails provided by the government just prior to the beginning of this case, the defense has learned that this witness was consulting with an "Undercover Coordinator" while he was engaged in his activities relating to this case.

4. This material is clearly covered by the disclosure obligations in *Brady v. Maryland,* and this Court's Standing Order for Discovery and Inspection, as well as Defendants' prior Notices and Requests for Disclosure.

5. Further, in addition to the material relating to the Undercover School, in general, and this witness's attendance at and participation in that school, materials relating to the ongoing relationship between the witness and the "Undercover Coordinator", ought to be disclosed as well.

6. Defendant requested the government to provide him with the material relating to the Undercover Coordinator at the same time he asked this Court to compel disclosure of the materials relating to the government "Profiler".

7. Because of the prior request, which was not acceded to, the consent of the government was not sought prior to filing this motion, because it appears to be fruitless.

WHEREFORE, Defendant prays this Honorable Court enter an order compelling the government to disclose to the defense materials relating to this witness's participation in any undercover training or certification program, and any materials relating to the ongoing relationship between this witness and the undercover coordinator.

Respectfully submitted,

 /s William W.  Swor
William W. Swor (P21215)
*Attorney for David Brian Stone*
3060 Penobscot Building
645 Griswold Street
Detroit, Michigan  48226
(313) 967-0200
wwswor@wwnet.net

Dated:  March 11, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                                          CRIMINAL NO. 2:10-cr-20123

**D-1  DAVID BRIAN STONE, et al.**                HON. VICTORIA A. ROBERTS

    **Defendants.**

_____/

**MEMORANDUM IN SUPPORT OF
DAVID BRIAN STONE'S MOTION TO COMPEL
DISCLOSURE OF BRADY MATERIAL RELATING TO
WITNESS STEPHEN HAUG**

    Defendant brings this motion to compel compliance with the government's disclosure obligations under *Brady v.Maryland*, .  The government previously failed to disclose until the 11th hour its use in this case of both a "profiler", and an "undercover coordinator".  It never disclosed to the Court or the defense that the witness attended an undercover certification school, until the witness inadvertently revealed that fact during his direct examination (3/8/2012, page 115, lines 1-5).  Material relating to these issues was certainly material to the preparation of the defense and ought to have been disclosed earlier.

    Nonetheless, in light of the recent disclosures, anything relating to this witness's attendance and training, as well as the government's use of an undercover coordinator, as well as the witness's continuing relationship with the undercover coordinator ought to be turned over to the defense prior to the commencement of cross examination.  Materials of nature are both useful for impeachment, and may well prove to be exculpatory, and therefore ought to be disclosed to

the defense before it commences cross examination.

      WHEREFORE, Defendant prays this Court enter an order compelling the disclosure of these materials forthwith.

                                  Respectfully submitted,

                                  /s William W. Swor
                                William W. Swor (P21215)
                                *Attorney for David Brian Stone*
                                3060 Penobscot Building
                                645 Griswold Street
                                Detroit, Michigan  48226
                                (313) 967-0200
                                wwswor@wwnet.net

Dated:  March 11, 2012