UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

D-1  DAVID BRIAN STONE, et al.

    Defendants.

_____/

CRIMINAL NO. 2:10-cr-20123

HON. VICTORIA A. ROBERTS

### DAVID BRIAN STONE'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29

DAVID BRIAN STONE, moves this Honorable Court to enter a Judgment of Acquittal on the charges contained in the Second Superseding Indictment, for the reason that, taking the evidence in a light most favorable to the government, the government has failed to establish the elements of the crimes charged in the Second Superseding Indictment, showing the following particulars:

1. The government has failed to establish that there was a conspiracy by anyone to oppose the United States government by force and/or violence, as charged in Count I of the Second Superseding Indictment.

2. The government has failed to establish that there was a conspiracy to possess Weapons of Mass Destruction, (i.e. an explosive or incendiary bomb, grenade, rocket having a propellant charge of more than four ounces, a missile having an explosive or incendiary charge of more than one quarter ounce), mine or similar device, as charged in Count II of the Second Superseding

Indictment.

3.  The government has failed to establish that Defendant, DAVID BRIAN STONE, taught or demonstrated to anyone, how to construct an explosive device on June 13, 2009, as charged in Count III of the Second Superseding Indictment .

4.  The government has failed to establish that Defendant, DAVID BRIAN STONE, possessed a weapon in furtherance of a crime of violence, as charged in Counts VIII and IX of the Second Superseding Indictment.

    a.  There was no evidence that the weapons were possessed in furtherance of any illegal activity

    b. There was no testimony that weapons were possessed in furtherance of the teaching or demonstrating element of Counts II or III.

WHEREFORE, Defendant David Brian Stone prays this Honorable Court enter a Judgment of Acquittal on these Counts of the Second Superseding Indictment

    Respectfully submitted,
    /s William W.  Swor
    William W. Swor (P21215)
    *Attorney for David Brian Stone*
    3060 Penobscot Building
    645 Griswold Street
    Detroit, Michigan  48226
    (313) 967-0200
    wwswor@wwnet.net

Dated:  March 11, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

   v.

**D-1  DAVID BRIAN STONE, et al.**

      **Defendants.**

_____/

CRIMINAL NO. 2:10-cr-20123

HON. VICTORIA A. ROBERTS

**MEMORANDUM IN SUPPORT OF
DAVID BRIAN STONE'S MOTION FOR
JUDGMENT OF ACQUITTAL
PURSUANT TO RULE 29**

**Introduction**

David Brian Stone adopts and incorporates the arguments contained in the Briefs in Support of the Motion for Judgement of Acquittal, filed by David Stone Jr. (DE 741), and Thomas Piatek (DE 744), insofar as they are relevant to David Brian Stone, as if they were fully stated herein.  Defendant believes they correctly state the law as it applies to the facts of this case, and need not be repeated herein.  Defendant submits supplemental authority below where appropriate.

**Facts**

Although the facts must be taken in a light most favorable to the government, the interpretations and inferences must be reasonable.  The inferences must be support by facts, and must follow the facts.  Proof of existence of a conspiracy may not be made out by piling inference upon inference *Ingram v. United States*, 360 US 672, 680 (1959); *Direct Sales Co.*

*United States*, 319 US 703, 711 (1943).

David Brian Stone had a belief that it was necessary to prepare for the coming of the final battle at the end of times. It was rooted in his Christian faith. Both of the undercover witnesses and the recordings demonstrate this (Ex20, page 105). Every time David Brian Stone talked about training and preparation he came back to this essential tenet of faith; the Anti Christ would come at some undefined time, the Anti Christ would take over the one world government and institute the New World Order. The coming of the Anti Christ would be disclosed by an endless list of possible signs, including:

1. Take away our freedom of religion (Ex 20, page 105).
2. Forced vaccinations containing a computer chip (Ex 24 page 12).
3. Take away our guns (Ex 7, page22)
4. Foreign armies occupying the United States

David Brian Stone rejected taking any affirmative action against the "enemy"(e.g. February 6, 2009, Ex 54b, page 51), whom he described in a number of nonspecific terms, but which were all agents of Satan.

David Brian Stone also had an endless list of things that had to be done before the battle could come, and the list got larger as time passed. None of those things were ever completed

1. Communications (March 15, 2012, pages 40)
2. Training (Ex, 39, page 47)
3. Two units of nine people (March 15, 2012 page 46)
4. Trailers (march 15, 2012, pages 75-76)
5. A medic (Ex 59c, 2/20/10)

      6.  Hutaree bicycle patrol (January 14, 2010, Ex 49, pp 211-212)

      7.  A van (Ex 56, 2/13/10, page 1)

      8.  Bunkers needed to be dug at North Adams Rd. (March 16, 2012, pp 33-34)

David Brian Stone was never specific about when he needed things, e.g. the so-called shape charges Agent Haug was to make for him were to be ready "As soon as you get to it." (March 16, 2012, page 40, referencing Ex 63, 3/18/10).

According to the testimony of SA Leslie Larsen, this investigation began in April 2008 and ended on March 29, 2010, when the last of the Defendants was arrested. The CHS was inserted in August 2008. The plan to insert the undercover agent was developed no later than December, 2008. The government planned to attempt to get the defendants to increase the nature of their activity, to "target these guys...bite on additional explosives and weapons activities [to] nail" them (EM021076, 12/10/2008). By June 19, 2009, the government was discussing whether they had enough evidence to consider arresting David Sr., Jr., and Josh (Ex 1016a).

On June 13, 2009, there was a training at which David Brian Stone spoke, and at which, as part of the exercise that day, there was trip-wire avoidance training at which he directed the explosion of some cardboard devices to demonstrate the consequences of failure. Those devices had a charge that was "a little more than an M80" firecracker. Id. at 30, 33; Vol. 16, 2/29/12, Dan Murray, Tr. 103; Vol. 22, 3/9/12, Steve Haug, Tr. 12, 14.

On June 26, 2009, Agent Haug dropped by the Stone home. It was not for a training. During that visit, Agent Haug learned something about the level of David Stone's familiarity with explosive materials. David Stone spoke to Agent Haug about the fireworks he used to construct as a youth and how they compared with the devices he was using during that period of time (Ex 20b, page 15 ). He carelessly handled on cardboard tube, which almost exploded in his

hand. At the end of the session, the agent reported to SA Larsen, that David (Sr.) was "afraid of big explosives."(6/26/09 - Exhibit 20, Page 117), and he would not make a bomb. That observation was repeated several times over the next months, including the August 13, 2009 meeting in which Agent Haug first introduced the subject of large explosives to David Brian Stone (Ex 24, page 20). At that demonstration, Agent Haug also suggested putting the explosive in something to use them (Ex 24, page 44).

Between August 27, 2009 and December 2009, there was no conversation about the construction of explosive devices. At David Stone's wedding, Stephen Haug initated conversations about building devices. After that date, every conversation about building explosive devices was initiated by Stephen Haug.

On March 27, 2010 Defendants were arrested.

**Discussion**

**Object**

The elements of a "criminal conspiracy," are an object to be accomplished, a plan or scheme embodying means to accomplish that object, an agreement or understanding between two or more of the defendants whereby they become definitely committed to co-operate for the accomplishment of the object by means embodied in the agreement, or by any effectual means and an overt act in jurisdictions where statutes so require. *Pinkerton v. United States*, 145 F.2d 252 (5th Cir, 1944). Proof of the "object" of the conspiracy constitutes an essential element of the offense. *United States v. Gallerani*, 68 F.3d 611 (2nd Cir,1995). The concept of the "object" of the conspiracy has also been described as the "common goal" of the group, *United States v. Hughes*, 505 F 3d 578 (6th Cir 2007).

The law of conspiracy requires an agreement among the conspirators as to the "object" of

the conspiracy; this does not mean that conspirators must be shown to have agreed on details of their criminal enterprise, but it does mean that "essential nature of the plan" must be shown. *United States v. Rosenblatt*, (2nd Cir,1977), 554 F.2d 36.  It is not enough that the conspiracy was directed to the attainment of *some* unlawful object, or to the attainment of *some* lawful object by unlawful means.  It must have been directed to the attainment of one of the objects specified, *Lonabaugh v. United States*, (8th Cir, 1910), 179 F. 476.

If any one thing is clear from this trial, it is that, contrary to the assertions in both Counts I and II of the indictment, there was no object of the conspiracy, no government, police department, law enforcement officer, or property which was the target of the alleged conspiracy. Agent Haug conceded this twice when he was examined on March 16, 2012:

> Q. During the 13 months that you were conducting this
>
> undercover operation, you spoke with David Stone about -- or
>
> at least you heard David Stone talk about when the battle
>
> would come. Correct?
>
> A. Yes.
>
> Q. And he never gave you a definite date or a definite time,
>
> correct?
>
> A. That's correct, sir.
>
> Q. Or a definite place?
>
> A. That's correct.
>
> Q. And, in fact, it constantly changed?
>
> A. That's correct.
>
> (March 16, 2012, page 15)

***

Q....You asked him if he had a target, and he said

no. Correct?

A. Yes, sir.

Q. Okay. You asked him if there was something already

picked, and he said no. Correct?

A. That's correct.

Q. Okay. You asked him if it could be -- if he had a first

order of business, and he said no, didn't he?

A. Yes, he did.

***

Q. So, now not only is the time indefinite, but the place is

indefinite. Correct?

A. Yes, sir.

Q. And there's no target, correct?

A. Correct.

(March 16, 2012, page 41, referencing Exhibit 63F, pp 145-146).

**Teaching or Demonstrating how to make explosive device, 18 USC 842(p)(2)**

There is no statutory, or case law definition of "teaching" or "demonstrating" as used in this statute.  Therefore the statutory words are given their ordinary meaning, *Smith v. United States*, 508 US 223 (1993).  The standard definition of teach is "a : to cause to know something... to cause to know how... to accustom to some action or attitude...to cause to know the disagreeable consequences of some action...to guide the studies of: to impart the knowledge of,

http://www.merriam-webster.com.  The standard definition of demonstrate is "to show clearly...to prove or make clear by reasoning or evidence...to illustrate and explain especially with many examples...to show or prove the value or efficiency of to a prospective buyer...to illustrate and explain especially with many examples."  http://www.merriam-webster.com.

There was no testimony by either Dan Murray or Stephen Haug that David Brian Stone taught or demonstrated the making of an explosive device on June 13, 2009.  The closest testimony came from SA Haug in his redirect examination on March 19, 2012.  There he said that on June 13, 2009, "There was talk of pipe bombs, how to build pipe bombs wrapping them in ball bearings." page 124.  Mere speaking does not rise to the level of teaching or demonstrating.  There was no detailed demonstration of how explosives were constructed.  There was no kind of demonstration.  The only demonstration was what would happen if the members failed to detect a trip wire in real life.  This Count of the Indictment must be dismissed.

**In Furtherance.**

The charges in these counts must also fail.  These counts are dependant on Counts I and II.  In addition, there was no evidence offered that the possession of the firearms by David Brian Stone met the "In Furtherance" definitions contemplated by 6th Circuit case law.

The standard for "in furtherance" was set out in *United States v. Mackey*, 265 F3d 457, 460-61 (2001).  "In furtherance of," as used in 18 USC 924(c) "should be understood in its ordinary or natural meaning, which . . . is a helping forward: advancement or pormotion.  In other words, the weapon must promote or facilitate the crime." *United States v. Mackey*, 265 F3d 457, 460-61 (2001)(internal citations omitted) Therefore, "[b]y requiring that the possession be "in furtherance of" the crime, Congress intended a specific nexus between the gun and the crime."  *Id.* at 462.

According to the Sixth Circuit's explanation of section 924(c), to convict a defendant of possessing a firearm in furtherance of a conspiracy, "[t]he government must clearly show that a firearm was possessed to advance or promote the commission of the underlying offense. The mere presence of a firearm in an area where a criminal act occurs is not a sufficient basis for imposing [a section 924(c)] mandatory sentence. Rather, the government must illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advanced or promote the criminal activity," *Mackey*, 265 F.3d at 461.  "[F]actors that may be relevant to a determination of whether the weapon was possessed in furtherance of the crime include whether the gun was loaded, the type of weapon, the legality of its possession, the type of . . . activity conducted, and the time and circumstances under which the firearm was found." *Id.* at 462.

The proofs offered by the government do not establish or suggest that the activities of David Brian Stone meet any of these standards.  These charges must be dismissed.

**Conclusion**

For all of the reasons stated, Defendant, David Brian Stone moves this Honorable Court to enter a Judgment of Acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

    Respectfully submitted,
    /s William W. Swor
    William W. Swor (P21215)
    *Attorney for David Brian Stone*
    3060 Penobscot Building
    645 Griswold Street
    Detroit, Michigan  48226
    (313) 967-0200
    wwswor@wwnet.net

Dated:  March 23, 2012