UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,                    Criminal No. 10-20123

             Plaintiff,                    Honorable Victoria A. Roberts

-vs-

David Brian Stone,

             Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant David Brian Stone is scheduled to be sentenced by this court

on August 8, 2012. He has pleaded guilty to Count Nine of the Second

Superseding Indictment, which charges him with illegal possession of a

machine gun in violation of 18 U.S.C. §922(o).

Under the terms of his plea agreement, the defendant is subject to a

maximum term of imprisonment of 41 months. Depending upon whether the

defendant is given a two level downward adjustment for acceptance of

responsibility, his guideline range is either 33 to 41 months or 27 to 33

months.[1] The government opposes the adjustment for acceptance of

---

1.    Under the plea agreement, ¶2(B), the defendant reserved the
right to seek this adjustment, and the government reserved the right to
oppose it. The guidelines calculated by the presentence investigation report,
¶¶ 30, 61, incorporate this downward adjustment.

responsibility, because, as demonstrated by his sentencing memorandum, David Stone shows no remorse for his conduct and indeed minimizes it as a mere "technical" violation for failure to register his machine guns and for using "leally (*sic*) purchase[d]" short barrels to assemble his unlawful short-barreled assault rifles. (David Brian Stone's Sentencing Memorandum, R. 805, at 3). Accordingly, we submit that defendant David Stone should be sentenced at the top of the guideline range of 33 to 41 months. If the court decides to apply to adjustment for acceptance, we submit that the sentence should be at the top of the lower guideline range of 27 to 33 months.

## Acceptance of Responsibility

A defendant who "clearly demonstrates acceptance of responsibility for his offense" can receive a two level reduction in his offense level. U.S.S.G. §3E1.1. The defendant has the burden of proving by a preponderance of the evidence that he is entitled to a reduction for acceptance of responsibility. *United States v. Ragland*, 3 Fed.Appx. 279, 285 (6th Cir. 2001), *United States v. Surratt*, 87 F.3d 814, 821 (6th Cir. 1996). The reduction for acceptance of responsibility has two purposes: to recognize a defendant's sincere remorse for his conduct, and to reward the defendant for saving the government the trouble and expense of trial. *United States v. De Leon Ruiz*, 47 F.3d 452, 455 (1st Cir. 1995). Thus, "one who is without remorse and fails to acknowledge

- 2 -

that his behavior was wrong clearly is not entitled to a reduction for acceptance of responsibility." *United States v. Volpe*, 224 F.3d 72, 75 (2d Cir. 2000), *quoting United States v. Cousineau*, 929 F.2d 64, 69 (2d Cir. 1991). "A reduction in sentence for acceptance of responsibility requires a showing of sincere contrition on the defendant's behalf." *United States v. Medina-Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003), *quoting United States v. Nguyen*, 190 F.3d 656, 658 (5th Cir. 1999). Even where a plea is made in advance of trial, the adjustment for acceptance is not given to a defendant "as a matter of right." *United States v. Castillo-Garcia*, 205 F.3d 887, 888-89 (6th Cir. 2000). Though such a guilty plea is "significant evidence" of acceptance of responsibility, it can be outweighed by other information that is inconsistent with acceptance. *United States v. Ragland, supra*, 3 Fed.Appx. at 285.

Finally, an adjustment for acceptance of responsibility is not normally appropriate for a defendant who puts the government to its burden of proof at trial; such a defendant may only receive the adjustment in "rare situations," such as where he goes to trial to preserve an issue unrelated to factual guilt. *United States v. Volpe, supra*, 224 F.3d at 75; *United States v. De Leon Ruiz, supra*, 47 F.3d at 455. Thus, where a defendant elects to "roll the dice" and go to trial on all the counts against him, in the hope of avoiding conviction on the more serious count (and perhaps avoiding conviction altogether), and is

convicted only of the less serious counts to which he declined to plead guilty prior to trial, he is not entitled to the reduction on those counts. *Id.*

Here, the defendant has shown no genuine remorse for his conduct. He minimizes the significance of the firearms offenses he committed, claiming that the machine gun offense "is a technical one" and, in essence, that the short-barreled assault rifles were that way by accident. The illegal possession of a machine gun is not a "technical" crime, and cannot be "fixed" by simply registering the weapon. 18 U.S.C. § 922(o) simply forbids the possession of machine guns. Moreover,  a claim that the short barrels were accidental flies in the face of the evidence at trial, that showed that defendants David and Joshua Stone were well aware that these guns were illegal, and possessed them nonetheless for ease of carrying and potential use in cars. In addition, the defendant put the government to its burden of proof at trial, contested at trial the evidence that these were illegal weapons, and only pleaded guilty after the government rested. Under these circumstances, this defendant should not be rewarded with an adjustment for acceptance of responsibility.

### Sentencing factors

Consideration of the appropriate sentencing factors supports the imposition of a sentence at the top end of the guideline range this court finds applicable. Pursuant to 18 U.S.C. §3583(c), the factors to be considered

include the following:

**3553(a)(1): the nature and circumstances of the offense and the history and characteristics of the defendant.**

The offense of conviction is the illegal possession of two machine guns, one of which also had an illegally short barrel, and of a third short barreled assault rifle. These are highly dangerous weapons, because of the fully automatic firing capacity of the machine guns, and because of the easy concealment of a short barreled rifle on one's person or in a car. The defendant intentionally modified these weapons into their short-barreled and fully automatic states.

Moreover, the defendant possessed these weapons in the context of his role as the leader of the Hutaree, whose actions this court knows well from the trial. While this court has determined that the actions of the Hutaree did not constitute seditious conspiracy under 18 U.S.C. §2384, this finding revolved around the conclusion that the evidence was insufficient to find a specific and concrete agreement to oppose by force the government of the United States. That finding does not diminish the evidence in this case that the activities of the Hutaree were dangerous and involved threats to law enforcement and to the public. This was the context in which defendant possessed these dangerous and unlawful weapons and proclaimed their usefulness in attacking law enforcement officers.

Indeed, in this court's Opinion Granting Defendants' Motions for Judgment of Acquittal on Counts 1-7, the court acknowledged the strength of the government's case regarding David Stone, Sr. R. 767, Opinion at 14. Thus, while finding the evidence insufficient to show that Stone conspired with others to oppose the United States government, the court noted the evidence that "Stone wanted to engage in a war with the federal government and/or 'the Brotherhood,'" and observed that "[h]is diatribes evince nothing more than his own hatred for – perhaps even desire to fight of kill – law enforcement; this is not the same as seditious conspiracy." R. 767, Opinion at 14, 15. In addition, the court noted the several discussions in which David Stone advocated an attack on the Brotherhood and discussed killing a police officer and attacking the funeral procession, and found "offensive and disturbing" Stone's advocacy of killing police officers and their families. *Id*. at 16-17. In this context it is important that Stone referred to one of his short barreled rifles as "my little cop killer." (Tr. 2/22/12 at 17-19; Gov't exhibit 3A). Thus it is apparent that the court did not find lacking the evidence of David Stone's malevolent intent in directing the activities and conversations of the Hutaree; what was lacking in this court's view was direct evidence of his agreement with other members of the group, and of a specific purpose to oppose by force the United States government, as opposed to law enforcement

in general.

There is much more evidence in the record of David Stone's statements of his thoughts and intentions in directing the actions of the Hutaree, with which this court is well familiar and which we will not rehearse here. We would note, however, that his statements and actions include many relating not just to firearms but also to the use of explosives to further the objectives of the Hutaree.  This includes the use and discussion of explosives at the September 27, 2008 training; a discussion of the value of black powder bombs for killing on June 6, 2009; the demonstration and discussion of IEDs at the June 13, 2009 training, as well as the discussion later that day of how to make and fuse pipe bombs; the demonstration by the UCE of an explosive and of a shaped charge for David Stone and others on August 13 and 27, 2009; and the several discussions and actions, with the UCE and other Hutaree members, in January and February, 2010, towards  obtaining and assembling the components of Explosively Formed Projectiles (EFPs) for use against law enforcement and their vehicles or convoys.

All of this information serves to put the firearms offenses of conviction in their proper context, and to show the true history and characteristics of defendant David Stone.

Thus, viewed in its proper context, the defendant's offense was much

more than mere "technical" offense involving the failure to register two machine guns and the accidental use of illegal short barrels in two assault rifles. He possessed and carried those guns in connection with dangerous activities of a group that presented a serious threat to the community and to law enforcement activities which he led. These are factors that can and should be considered in determining the appropriate sentence

**3553(a)(2)(B): the need for the sentence imposed to afford adequate deterrence.**

The defendant argues that the time he has already served is sufficient to serve the purpose of general deterrence – that is, to deter others from the same conduct that he has committed. He further claims that for purposes of specific deterrence – that is, to deter this defendant from again engaging in similar conduct – no further incarceration is needed. We do not agree. Where the guideline range for the bare offenses committed by the defendant is substantially more that the time he has already served, and the statutory maximum is ten years, a sentence of time served would have the opposite effect of deterrence. Such a sentence would give this defendant, under the egregious circumstances described above, the benefit of a sentence less than that recommended by the guidelines (and below the sentence that the guidelines would impose on other defendants convicted of similar crimes committed under less egregious circumstances).

**3553(a)(2)(C): the need for the sentence imposed to protect the public from further crimes of the defendant**

Similarly, a further term of imprisonment would serve to protect the public from the possibility that the defendant would lapse into the behavior involved in this case, including the possession or making of firearms, explosives, or other weapons.

**3553(a)(2)(D): the need for the sentence imposed to provide defendant with needed educational or vocational training.**

We acknowledge the defendant's willingness to accept educational or vocational training. (R. 805 at 5). This could best be encouraged and facilitated by a period of supervised release following imprisonment, in which, among other conditions, the defendant would be monitored for working in a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons. See U.S.S.G. §5D1.3(c)(5).

For these reasons, we respectfully submit that the court should impose a custodial sentence of 41 months, to be followed by a term of three years of supervised release including the mandatory and standard conditions prescribed by the sentencing guidelines, together with a "special" condition

prohibiting him from possessing a firearm or other dangerous weapon.

                                 Respectfully submitted,

                                 BARBARA L. McQUADE
                                 United States Attorney

                                 *s/ Sheldon N. Light*
                                 SHELDON N. LIGHT (P28798)
                                 CHRISTOPHER GRAVELINE (P69515)
                                 Assistant U.S. Attorneys
                                 211 West Fort Street, Suite 2001
                                 Detroit, Michigan 48226
                                 (313) 226-9732
                                 sheldon.light@usdoj.gov
                                 christopher.graveline2@usdoj.gov

Dated: August 1, 2012

## Certificate of Service

I hereby certify that on August 1, 2012, I electronically filed the foregoing document  with the Clerk of the Court using the ECF system, which will electronically send notification of such filing to all ECF participants.

s/ Sheldon N. Light
SHELDON N. LIGHT (P28798)
Assistant U.S. Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226-2311
313.226.9732
sheldon.light@usdoj.gov