UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

D-1  DAVID BRIAN STONE, et al.

    Defendants.

CRIMINAL NO. 2:10-cr-20123

HON. VICTORIA A. ROBERTS

_____/

## DAVID STONE'S REPLY
## TO GOVERNMENT SENTENCING MEMORANDUM

The Rule 11 Plea Agreement reserved to Mr. Stone, the right to seek an adjustment for acceptance of responsibility. The Presentence Investigation Report found that Mr. Stone's conduct warranted the reduction. The Government did not object to that provision of the report, or to the Probation Department's Guideline calculation based upon the acceptance of responsibility. Counsel for Mr. Stone filed his mandatory sentencing memorandum [DE 805], advocating for a time served sentence. The memorandum did not contain the words or work of Mr. Stone. The memorandum paraphrased several portions of the trial testimony.

Based on the testimony offered by Government agents, that automatic weapons

had to be registered on the National Firearms registry[1], at one point counsel for Mr. Stone suggested to the Court, that in applying *18 USC §3553(a)(1)*, which instructs the Court to consider the "nature and circumstances of the offense," it should view "the nature of this offense" as a technical one; that it related to his preparation for the battle at the end of times [DE 805, page 3]. Nothing in the memorandum suggested that Mr. Stone does not appreciate the illegal nature of his conduct or that he lacks "remorse" for his behavior. Nothing in the memorandum, or in the presentence report quote Mr. Stone or in any way suggest that "David Stone shows no remorse for his conduct and indeed minimizes it...." [DE 811, page 2].

The primary problem with the Government position on acceptance is that it fails to distinguish between the advocacy of counsel and the statements and conduct of Mr. Stone. Both *18 USC 3553*, and the Guidelines direct the Court to sentence a defendant based upon his statements and conduct of the defendant, not his attorney. The Government's assertion is advocacy, not fact, and ought to be dismissed in favor of a time served sentence.

**Acceptance of Responsibility**

The Government introduces its position by stating that, "The government opposes the adjustment for acceptance of responsibility, because, as demonstrated by his

---

[1] No Government witness at trial testified that possession of machine guns was per se, illegal. There are exceptions to the charges contained in 18 USC 922(o). The Government offered no proof regarding those exceptions, and Mr. Stone has made no argument regarding those exceptions. Counts 13-15 of the Second Superseding Indictment, which incorporate by reference Counts 8, and 9, charge that the weapons were not registered in the National Firearms Registry

sentencing memorandum, David Stone shows no remorse for his conduct and indeed minimizes it as a mere "technical" violation for failure to register his machine guns and for using "leally (*sic*) purchase[d]" short barrels to assemble his unlawful shortbarreled assault rifles." [DE 811, pages 1-2]. The Government also stated that Mr. Stones counsel asserts that "the short-barreled assault rifles were that way by accident.." [DE 811 page 4]. Both statements are legally and factually incorrect.

The Governmental assertion about a "technical" violation is addressed in the prefatory remarks above. The second can be dismissed as hyperbole and argument. At no time has counsel asserted that the short barrel rifle was "that way by accident." Counsel has asserted that the short barrel was purchase legally; it was. Counsel has made no other assertion. The Government has not offered any proof or suggestion that the barrel of the weapon owned by Mr. Stone was not purchased commercially or legally.

The Government also argues that in order for Mr. Stone to receive an adjustment for acceptance of responsibility, the Court must make a finding that he demonstrates "remorse". USSG §3E11.1 instructs regarding Acceptance of Responsibility. While the Government asserts that Mr. Stone should not receive an adjustment for acceptance of responsibility, §3E1.1 does not require a demonstration of "remorse" as a ground for the adjustment. The Government cites no 6th Circuit authority for the suggestion that "remorse" is a precondition for the acceptance of responsibility. Indeed, in all the cases cited by the Government, "remorse" is a term used in dicta by an appellate court while deferring to a trial court's decision not to award the reduction. Nothing in the cases cited

by the Government holds that a sentencing court must find A defendant has "remorse" before granting an acceptance of responsibility.[2] The Guidelines themselves do not require any finding of remorse. Application Note 1 to the Guidelines states, in relevant part:

> 1.   In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:
>
> > (A)   **truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3** (Relevant Conduct).  **Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection** (a).  A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection...."
>
> ***
>
> > (H)   the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.
>
> 2.   This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.  **Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction**.  In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.  **This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a**

---

[2] Indeed, common sense and almost 30 years of practice under the Guidelines teach that the only "remorse" most defendants who plead guilty, and are awarded the reduction, feel is the "remorse" that they got caught.

> ***constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).*** *In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.*
>
> *(Emphasis Added)*

To require a finding of "remorse" before awarding acceptance of responsibility would require this Court to expand the Guideline, beyond its plain terms. The Court should not do that. The Sentencing Commission regularly reviews and amends all of the Guidelines. The Commission has never even discussed amending the Guidelines to require a finding of "remorse" before granting a reduction for acceptance. All of the factors in the Application Note militate in favor of granting the two (2) point reduction for Acceptance of Responsibility.

The Government asserts that under the language of §1E1.1(2), Mr. Stone should not receive a reduction because he went to trial. The Governments assertion that the plea here was not "timely" and that the decision to go to trial was an attempt to "roll the dice" is not accurate.

Contrary to the suggestion in the Government's Sentencing Memorandum, at no time prior to the entry of this plea could Mr. Stone have pled guilty to this offense and avoided a trial. Prior to the trial of this matter, in every discussion with the government about resolving this case, the government insisted that no one could have a Rule 11 Agreement unless they admitted that they participated in a Seditious Conspiracy. When Mr. Stone's counsel independently inquired of the Government about a resolution of the case, he was told the Government was not interested in discussing a plea with him until it

had resolved its issues with the other defendants. The Rule 11 Agreement pled to by Mr. Stone was the first plea offered by the Government. As soon as the Court dismissed Counts 1-7, Mr. Stone was prepared to, and did, plead guilty to the charge of conviction. He admitted to additional relevant conduct without reservation.

In the *Volpe* case, 224 F.3d 224, cited by the Government, the defendant actively contested and disputed the facts of offense of conviction at trial, and it was only after the Government offered "extensive" proof of his guilt that he chose to plead guilty. That is not the case here. Mr. Stone offered no contest during trial to the charges contained in Count 9 and 10. There are exceptions to the charges contained in 18 USC 922(o). Mr. Stone did not attempt to litigate those exceptions. He did not contest the issues related to the offense of conviction, or of the relevant conduct during trial. His counsel did not challenge, attack, or cross examine the Government witnesses who testified about the nature of the weapons as automatic or short barreled, the requirements that the guns be registered, or the testimony that they were not registered with the National Firearms Registry.

**Sentencing Factors**

Contrary to the Assertion in the Government Sentencing Memorandum [DE 811, page 5], the offense of conviction is the illegal possession of ONE machine gun [DE 778]. The second machine gun and the short-barreled are part of the relevant conduct, not

the offense of conviction[3].

**Nature and Circumstances of the Offense**

Notwithstanding the unequivocal, and consistent evidence offered at the trial of this matter, the Government continues to ignore the undisputed testimony of its own witnesses about the nature of the conduct in this case. As this Court knows, the undisputed testimony presented in this case established that Mr. Stone was preparing for the battle at the end of time, and at no time had any plan to oppose the United States Government.

The Government's attempt to trivialize this Court decision, by explaining it away as a technical finding that the evidence was "insufficient", ignores that the evidence was considered in a light most favorable to the Government, and that it was lacking in any proof, it was not just "insufficient."

The assertion that "the activities of the Hutaree were dangerous and involved threats to law enforcement and to the public" [DE 811, page 5] may have some existential validity, in that the activities of all people have the capacity to cause harm to "law enforcement and to the public," but there was never any evidence that David Stone had any present intention to harm anyone. Or that he even wanted to cause harm to anyone.

A debate about the words of David Stone are not necessary for this proceeding. The fact is that, despite many opportunities offered by the Government to escalate from

---

[3]One of the machine guns for which Mr. Stone accepted responsibility, was owned by, and charged against, Joshua Clough in Count 12 of the Second Superseding Indictment. Not withstanding this fact, Mr. Stone agreed it was Relevant Conduct.

words to conduct, David Stone did demurred when offered the opportunity to do so. His beliefs are his beliefs. None of them suggest that he had any present intention to engage in violence.

**Deterrence**

While the Government asserts that a more severe sentence than time served is needed to "afford adequate deterrence", it offers no rationale for that position. It argues that because the maximum guideline range is more than the time Mr. Stone has served, that is proof that more time is needed. That invites the Court to assume a Guideline sentence is reasonable, which it cannot do.

In *United States v. Nelson*, 555 U.S.   , (2009), the Supreme Court, in a *per curiam* decision, emphasized that its cases do not allow a sentencing court to presume that a sentence within the applicable Sentencing Guidelines range is the proper sentence.

> "Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable. In *Rita* (*Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)) we said as much, in fairly explicit terms:.... [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." 551 U.S., at 351, 127 S.Ct. 2456. And in *Gall v. United States*, 552 U.S. ----, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), we reiterated that district judges, in considering how the various statutory sentencing factors apply to an individual defendant, "may not presume that the Guidelines range is reasonable." *Id*., at ----, 128 S.Ct., at 596-597."

A sentencing court "may not presume that the Guidelines range is reasonable," *Gall*, 128 S. Ct. at 596-97. If the Court may not presume the Guideline range is a reasonable sentence, it cannot presume, as the Government apparently wishes, that more

time is reasonable.

Typical of the findings on general deterrence are those of the Institute of Criminology at Cambridge University. See Andrew von Hirsch, et al, *Criminal Deterrence and Sentence Severity: An Analysis of Recent Research* (1999). The report, commissioned by the British Home Office, examined penalties in the United States as well as several European countries. *Id*. at 1. It examined the effects of changes to both the certainty and severity of punishment. *Id*. While significant correlations were found between the certainty of punishment and crime rates, the "correlations between sentence severity and crime rates . . . were not sufficient to achieve statistical significance." *Id.* at 2. The report concluded that "the studies reviewed do not provide a basis for inferring that increasing the severity of sentences is capable of enhancing deterrent effects." *Id*. at 1. See also Zvi D. Gabbay, *Exploring the Limits of the Restorative Justice Paradigm: Restorative Justice and White Collar Crime*, 8 Cardozo J. Conflict Resol. 421, 448-49 (2007) ("[T]here is no decisive evidence to support the conclusion that harsh sentences actually have a general and specific deterrent effect on potential white-collar offenders.").

**Protection from Further Crimes of the Defendant**

Mr. Stone's conduct here is very limited. There is no evidence that he will engage in any further activity. The Government argument here has no basis. It is merely a repeat of its deterrence argument.

**The Need for the Sentence to Provide Education or Training**

As noted earlier, the Government has offered no fact to support its position here.

There is no evidence that the BOP could provide Mr. Stone with any education or training that would be useful to him.  If the Court were to adopt 41 months, as the Government suggests, Mr. Stone would serve approximately ten (10) more months in custody.  The Government has not explained what kind of education or training Mr. Stone would or could receive in that period of time.  If there is a need for education, it would be best met by community supervision, not custody.

**Conclusion**

      Mr. Stone has been punished enough.  He should be sentenced to time served.

      Respectfully submitted,

      /s William W.  Swor
      William W. Swor (P21215)
      *Attorney for David Brian Stone*
      3060 Penobscot Building
      645 Griswold Street
      Detroit, Michigan  48226
      (313) 967-0200
      wwswor@wwnet.net